# Huguley *v.* The State.

### Murder.

(Decided September 7, 1916.  72 South. 764.)

1. **Jury; Venire.**—No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jury. (§ 29, Acts 1909, p. 317.)

2. **Same; Drawing; Special Venire.**—Where the judgment entry states that the court ordered the jury box of the county and that he drew the name of the special jurors therefrom in open court, it showed a compliance with the provisions of Acts 1909, p. 305, relative to the drawing of a special jury.

3. **Same; Selection; Waiver of Error.**—The alleged defect in the drawing of a special venire that the box from which the name of the jurors were drawn, was not shaken before the drawing, and that the names were not properly drawn, was waived by a failure of defendant to interpose a timely and proper objection.

4. **Homicide; Instructions.**—In a prosecution for homicide the trial court will not be put in error for refusing an instruction assuming the existence of a fact, although the evidence was not in dispute.

5. **Charge of Court; Assuming Fact.**—Trial courts will not be put in error for refusing instructions which assert that there is or is not evidence of particular facts.

6. **Homicide; Self Defense; Retreat; Curtilage.**—Where there was evidence that defendant, a storekeeper, shot deceased in a passageway used by the public for two years or more in cutting across from one road to another, near the forks of the road where defendant's store house was located, there being evidence also that the space in front of and to the side of the store where the difficulty occurred was used only by persons and teams going to the rear part of the store, and also evidence that the space was a part of the lot belonging to the owner of the store to which defendant was entitled to exclusive possession under a rental contract, the court properly refused to charge as a matter of law that the space where the shooting took place was within the curtilage, entitling defendant to stand his ground when attack came, since the right of defendant to the exclusive possession of the land, without more, was not enough to bring him within the principle of inviolability attaching to one within his own curtilage.

7. **Charge of Court; Covered by Those Given.**—The refusal of a charge substantially covered by another charge given at appellant's request, is not reversible error.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Cosco Huguley, alias Coscoe Huguley, was convicted of murder in the second degree, and he appeals. Affirmed.

The matters concerning which the opinion treats sufficiently appear therefrom. As a sample of the refused charges concerning the right of dwelling or curtilage, charge 3 is as follows:

(3) The court charges the jury that there is no evidence in this case which as a matter of law makes the defendant at fault in bringing on the difficulty.

(4) If the jury believe from the evidence that the defendant, at the time of the killing, was near the front veranda of his store, where he was carrying on a mercantile business, and on the land belonging to said building and used by the defendant in connection therewith, and was within the curtilage thereof, and which was occupied by him as a place of business, and that he was there assailed by the deceased, under circumstances such as to reasonably impress defendant with the belief that his assailant intended to inflict on him great bodily harm, and also that there was imminent danger that such injury would be inflicted upon defendant, then the defendant had the right to repel such assault by shooting deceased, and he must be acquited, provided defendant did nothing to provoke the assault.

R. B. BARNES, H. A. FERRELL, E. H. GLENN, JR., and A. A. EVANS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.— (1-3) It is contended by counsel that the judgment entry fails to show that the box from which the names of the jurors to constitute the special venire were drawn was "shaken" before the names were drawn, and that it does not appear that the names were "publicly" drawn, as required by section 7263 of the Code of 1907. Under the provisions of the present jury law, no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors.— Acts 1909, p. 317, § 29. It has frequently been held that section 32 of the jury law, under the provisions of which the jury in the instant case was drawn, is mandatory in its requirements in capital cases as to the duties prescribed and benefits intended.

"But the defendant cannot justly complain of mere informalities which do not in any way affect the number, or personnel, or character of the veniremen provided for his selection of jurymen."—*Waldrop v. State*, 185 Ala. 20, 24, 64 South. 80, 81.

We think the order of the court shows a compliance with the provisions of the statute in respect to drawing the special venire. It is stated in the order that the judge of the court ordered the jury box of the county to be brought into open court, and that he drew the names of the special jurors from the jury box in open court. There is no requirement in the present jury law that the jury box shall be "shaken," or that the names be "publicly" drawn, but that they be drawn in open court. This the judgment entry shows to have been done, and we think it affirmatively appears that the special jurors were drawn as required by law.—Acts 1909, p. 305 et seq. But, however this may be, the defect of which the defendant complains is one which may be waived by the defendant failing to interpose timely and appropriate objection (*Waldrop v. State, supra; Moton v. State*, 13 Ala. 43, 69 South. 235), and the record in this case does not disclose that objection in any form was made to the action of the trial court in drawing the jury. See, also, *Thomas v. State*, 94 Ala. 74, 10 South. 432, where it is said: "Parties must not be permitted to speculate on the chances of a favorable verdict, and, failing, then fall back on some preliminary, ministerial error, not previously called to the attention of the court."

(4-6) The defendant, in requesting certain written charges, proceeded on the theory that the evidence without conflict showed that the defendant was within the curtilage of his place of business, and therefore under no duty to retreat. These charges

assume the existence or nonexistence of a fact, and the trial court cannot be put in error for refusing an instruction which assumes the existence of a fact, even though the evidence is not in dispute.—*Campbell v. State,* 13 Ala. App. 70, 69 South. 322.

"When a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury; and a charge assuming the credibility of the testimony, is erroneous, though it is clear and undisputed."—*Davidson v. State,* 63 Ala. 432; quoted approvingly by this court in *Thomas v. Smoot,* 2 Ala. App. 407, 409, 56 South. 1.

Likewise it is held that trial courts cannot be required to give charges that there is, or is not, evidence of particular facts.— *Troup v. State,* 160 Ala. 125, 49 South. 332; *New Connellsville Co. v. Kilgore,* 162 Ala. 644, 50 South. 205; *Jefferson v. State,* 110 Ala. 89, 92, 20 South. 434. Nor do we think the evidence justified the court in charging as a matter of law that the defendant was standing, at the time he fired the fatal shots, within the curtilage of his business house, and was therefore under no duty to retreat. Under the evidence, it appeared that the storehouse of the defendant near where the killing occurred was near the forks of the roads; that for two years or more before the fatal difficulty people generally were in the habit of using the place where the difficulty took place as a passageway in cutting across going from one road to another. Some of the witnesses in behalf of the defendant, it is true, testified in effect that the space in front of and to the side of the store where the difficulty occurred was only used for the purpose of persons and teams going to the rear part of the store. There was evidence also that this space was part of the lot belonging to the owner of the store, to which the defendant, who rented the store, was entitled to the exclusive possession. The space in question, which is claimed by the defendant as a haven of protection affording him the special privilege pertaining to a man in his own habitation, or store, or within the curtilage thereof, which would relieve him from the duty of retreat and permit him to stand his ground when attacked and kill his assailant, even though an avoidance of the difficulty was open to him by retreat with safety to himself, is shown by the evidence to be open, uninclosed ground adjacent to a crossroads store, which, for a space of two years, by consent of all parties, had been constantly and generally used by the public as a passage or roadway for travel. The nature

of the surroundings and location and the business in which the defendant was engaged were such that an implied invitation was given to the public to use this space. It seems from the evidence that they did so. Because the defendant had the right to the exclusive possession of this land, without more, is not enough to bring him within the principle of inviolability.attaching to one within his curtilage that relieves him from the duty of retreat.— *Thomas v. State,* 13 Ala. App. 50, 69 South. 315; *McGhee v. State,* 178 Ala. 4, 59 South. 573; *Lee v. State,* 92 Ala. 15, 9 South, 407, 25 Am. St. Rep. 17. There was evidence introduced in behalf of the state that tended to show that the defendant was standing on "the edge" of the public road at the time that he fired the first shot, and that the deceased was at that time approaching him with both hands extended in front of him, and that he had no weapon in his hands. The legal effect of giving the charges requested by the defendant assuming that the defendant was within the curtilage of his store and under no duty to retreat, under this phase of the evidence, would be an invasion of the province of the jury. We do not think, considering the evidence as a whole, that the court could correctly charge as a matter of law that the open space in question was within the curtilage.—*Perry v. State,* 94 Ala. 25, 10 South. 650. It was, at most, of that indeterminate character that made it a question for the jury.—*Cook v. State,* 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688.

(7) Of the written charges requested by the defendant, charges numbered 1, 2, 3, 5, and 6 are disposed of by what has been said. Charges 2 and 3, beside being instructions as to there being no evidence of a particular fact, which the court was under no duty to give, invade the province of the jury. The witness Pierce Huguley, a brother of the defendant, testified that the defendant was the first to use profane or threatening language in the conversation between the deceased and defendant which led to the difficulty. Refused charge No. 4 is substantially covered by charge No. 8 given at the request of the defendant.

The rulings on the evidence to which exceptions were reserved are not insisted upon in brief of defendant's counsel as showing reversible error. We have examined these rulings and the entire record, and find no error requiring reversal of the case.

Affirmed.