(111 So. 587)

## HARGROVE v. STATE.  (8 Div. 489.)

Court of Appeals of Alabama.   April 12, 1927.

J.· G. Rankin, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  ■ The evidence in this case was in sharp conflict, thus presenting questions for determination by the jury. The first several charges refused to defendant being of ·an affirmative nature were properly refused, as under this evidence the court was under no duty to give said charges and was without authority to direct a verdict for the defendant.

■ The charge, by indictment, was assault with intent to murder, the alleged injured party being one Bernard Arnett, who was a deputy sheriff and jailer for Madison county.

The insistence of the state was that the alleged injury was inflicted upon the officer by the accused while attempting to arrest him for an offense committed in his presence—that of public drunkenness. It was admitted that the officer had no warrant in his possession for the arrest of the defendant at the time such arrest was attempted. There was some evidence tending to show that the accused was drunk, and that in that condition he appeared at or near the public jail of the county and manifested such drunken condition by loud and profane discourse, or by boisterous or indecent conduct, and the state insisted that for and on account of the commission of said offense in the presence of the officer he undertook to arrest the offender, who resisted and inflicted upon the officer the injury complained of; that he attacked him with a knife and seriously wounded him.

On the other hand, the defendant insisted that he was not drunk upon the occasion in question and that he had committed no offense in the presence of the officer, and that the officer attacked him without cause except that he had perpetrated a jest upon him just previous to the time of the attack. As stated, these contentions, as to which there was evidence to sustain each, presented a question of fact for the jury to determine.

■■ The principal insistence of error is that the court permitted the state, over the objection and exception of defendant, to prove by its witnesses that the defendant was drunk. Appellant insists that in this ruling the court allowed witness Barber to testify, "He was drunk," thereby substituting the opinion and conclusion of the witness, on this important question, for the finding of the jury. Whatever may be the writer's view upon this ruling, this court must perforce hold that no error appears, for under the statute this court is bound by the decisions of the Supreme Court, and that court has expressly held, "A witness may testify that a person is drunk or drinking." May v. State, 167 Ala. 36, 43, 52 So. 602, 604.

■ This in effect decides the main question insisted upon on this appeal. There was no merit in defendant's motion to quash the

68

venire. Such charges as were refused to defendant which contained a correct statement of law were fairly and substantially covered by the court's oral charge and the charges given at the request of the defendant. The record appears regular in all things. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.