(123 So. 292)

**SPARKS v. STATE. (7 Div. 608.)**

Court of Appeals of Alabama. June 29, 1929.

Harvey A. Emerson, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of unlawfully distilling alcoholic, etc., liquors.

The testimony on behalf of the state was ample to sustain the verdict of the jury.

Witness Crow, offered on behalf of appellant, having testified that he knew appellant's general reputation in the community where he lived, and that it was good, it was not without the bounds of proper cross-examination of the witness to allow him to be asked if he had "heard about Fred Sparks making whiskey." This is a very different proposition from allowing—it has been held, erroneously (Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338)—testimony as to

the fact of a defendant on trial having been previously convicted of the offense of "unlawfully making whiskey."

■ But if our views as set forth in the next above paragraph fail to coincide, as they should (Code 1923, § 7318), with the holding of the Supreme Court in Mays v. State, 218 Ala. 656, 120 So. 163, then we state it as our conclusion, and hold, that the answer of the witness Crow to the question, "I heard he had got caught over there," disclosed nothing prejudicial to the defendant, was harmless, and would not by us be made the basis of a reversal of the judgment of conviction.

We have "lettered" the appellant's written "refused" charges, as they appear in the record, from "A" to "H." Likewise we have numbered his written "given" charges from "1" to "9."

■■ Written refused charge "A" is abstract, in so far as this appellant is concerned. It was properly refused, though, anyway, as the court is never required to charge that there is, or is not, evidence of any given fact. Such a charge asserts no proposition of law, and may always be refused without error. Loveman v. B. R. L. & P. Co., 149 Ala. 515, 43 So. 411.

Written "refused" charge "B" is covered in essential substance by written "given" charge 1.

The other written charges have been examined, and the propriety of the refusal of each of them is deemed by us too obvious for comment.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.