148 So. 752

## BALLARD v. STATE.
### 4 Div. 957.

Court of Appeals of Alabama.
June 6, 1933.

Walters & Walters, of Troy, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant, driving a Chrysler car, dashed down North Three Notch street in the city of Troy at 2:30 a. m., struck a barrier in the middle of the street erected to protect some repair work and on which was a torch burning, swerved, knocked down an iron electric light post, turned, went back up North Three Notch street for two blocks, turned into a side street, stopped his car, got out, and walked back towards town, where he was arrested by three policemen, all of whom had seen the performance and who testified that they could smell whisky on defendant's breath, and that he was under the influence of whisky.

The defendant admitted the driving of the car and the wreckages above described, but denied that he had been drinking or that he was under the influence of whisky.

■ From the above it would appear that the defendant was either drunk or crazy. There was no plea of insanity, and the jury found that he was drunk. This was a question of fact properly submitted to them.

It is insisted by counsel that there are degrees in drunkenness, and that there is a distinction between being drunk and drinking, and it is so decided in May v. State, 167 Ala. 36, 52 So. 602, but that distinction can avail this defendant nothing; the question here is, not how drunk, but was he under the influence of liquor, and that was a question for the jury.

■ A witness who knows may testify that a certain person is drinking or drunk, and who is more qualified to so testify than police officers whose constant duty it is to handle such cases? The symptoms of intoxication are plain and apparent to any experienced man, except the man himself, whose testimony as to his sobriety has little weight with men who are familiar with such things.

■ The granting or refusal of continuances is largely within the discretion of the trial court, and not to be reviewed, unless there is

a clear abuse of such discretion, which does not appear in this record.

Refused charge A, being the general affirmative charge, and the evidence being in conflict, was properly refused.

Charge B was practically the same as given charge C.

■ Refused charge C is invasive of the province of the jury.

There is no prejudicial error in any ruling of the court, and the judgment is affirmed.

Affirmed.