176 So. 379

**DAVIS v. STATE.**

8 Div. 507.

Court of Appeals of Alabama.

June 15, 1937.

Rehearing Denied June 29, 1937.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

Urgent insistence is made by the appellant that the overwhelming weight of the evidence tends to prove the innocence of the defendant as against the offense charged, and to this end a motion to set aside the verdict and for a new trial was made by the defendant in the court below; which motion was overruled. The action of the court in so ruling is here insisted upon as error.

■ There was a collision between the car driven by the defendant and a Ford V–8 truck, and much evidence was introduced as to the speed of the car and truck prior to the collision, and the position of the cars after the collision. All of which evidence was admissible as being a part of the res gestæ in corroboration of the testimony of the witnesses testifying to the main, and only, issue involved in this trial, to wit: "Was the defendant under the influence of intoxicating liquor or narcotic drugs, and while in that condition did he drive a motor vehicle upon a highway of this state?"

■ It is true that no witness testified to seeing the defendant take a drink of whisky or any narcotic drugs, but there is testimony for the State tending to prove that at the time of the accident, which fixed the time of the prosecution, the defendant was under the influence of whisky; and the inferences to be drawn from that fact are: He was driving the automobile while in that condition. There was evidence tending to prove that just after the accident the defendant was not normal; that he staggered; that he made use of language indicating a drunken condition; all of which testimony was relevant and admissible. Wallace v. State, 16 Ala.App. 451, 78 So. 714; Hargrove v. State, 22 Ala.App. 67, 111 So 587; Ballard v. State, 25 Ala.App. 457, 148 So. 752.

■ It is true that the evidence for the defendant tended to rebut this proof, and that, instead of being intoxicated, the defendant was stunned or dazed by reason of the impact of the two cars. However, this only made a question for the jury, and they, having the parties before them, and hearing the testimony, are in better position to pass upon the question than are we. With all of the evidence before him and having observed the witnesses testifying in the case, the trial judge overruled the motion for a new trial. We will not disturb his finding. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

■ Appellant insists that the court committed error in permitting the solicitor to ask the defendant's witness, Wilson Ward, on cross-examination: "You don't know who poured the whiskey out of the bottle do you?" This question was illegal, and objection should have been sustained to it, for the reason there was no evidence that a bottle in which there had been whisky was found in the car driven by the defendant. There was no answer to this question; therefore, the error was without injury.

■ To subsequent questions and answers regarding the pouring out of whisky in the car, driven by the defendant, there were no objections and exceptions to the answers.

■ There were two exceptions to statements made by the solicitor in his closing remarks to the jury: "Do you think John Gray, who has been an officer of the law for twenty-four years, would bring a sober man to jail and lock him up?" and, "Don't you know, that if Walter Davis was not drunk when the officer started to arrest him and bring him to town all of the Davises would have risen up in arms to prevent it?" These two statements were not such statements of facts as would authorize a reversal of this case. But, rather, they were deductions drawn by the solicitor from the facts and circumstances surrounding the case. The case of McGrew v. State, 21 Ala.App. 266, 107 So. 328, does in no wise conflict with the foregoing ruling, as a case of this kind must be decided on its own merits. In the two foregoing excerpts

we find no justification of a reversal of this cause. The argument made in brief of appellant's counsel on this question is doubtless the same argument made by him to the jury, and, as such, is persuasive, but will not justify us in holding the remarks of the solicitor sufficient to justify a reversal.

As we have seen, supra, it was perfectly competent to prove by the witness Sockwell that the defendant appeared to be intoxicated.

The witness Sockwell, who testified that he did not smell any whisky on the breath of the defendant, was asked: "Now you had a handkerchief over your lip and over your nose and you were breathing the odor of your own blood?" This question was answered in the affirmative. The witness was then asked: "And for that reason you couldn't smell the whiskey or anything but your own blood?" Answer: "Yes sir." The ruling on the part of the court in overruling defendant's objection was error, but it was not such error as affected the substantial rights of the defendant. The witness had testified that his lip was bleeding, that he held his handkerchief over his mouth and nose, and that he was breathing through his handkerchief; and, while it was not permissible for him to say that was the reason why he could not smell the whisky, that fact could not justify a reversal.

The defendant asked the witness Herbert Green, testifying in his behalf: "Did he impress you as being shaken up and unnerved in this wreck or did he impress you as being drunk?" The State objected to this question, objection was sustained, and defendant excepted. This question called for a comparison by the witness of the condition of the defendant, and, after the objection was sustained, the defendant changed the question, and asked it in this form: "Did you say he appeared to be a drunk man?" To which the witness made answer: "Well I wouldn't say he did or he didn't, I don't know." So this answer would render any error in overruling the question, without injury to the defendant's cause.

The other questions arising on the trial in the introduction of testimony have been examined by us, and we find them all either free from error or of such nature as not to injuriously affect the substantial rights of the defendant.

Charge No. 2, refused to the defendant, was misleading, in that the jury might well have concluded that the charge instructed them that there must be some direct testimony showing that the defendant was drinking, when, as a matter of fact, his drunken condition would furnish evidence that the defendant had been drinking. Moreover, the charge is argumentative.

Charge No. 4, requested by the defendant, might well have been given, as there was no evidence in the case that a bottle of liquor had been found, or any liquor bottle had been found, in the car that the defendant was driving. But the refusal of this charge is not reversible error, for the reason that the jury is presumed to know what the evidence is, and whether there was any evidence on a given point, or not. The charge may well be classed as an argument.

The general affirmative charge was properly refused.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.