18 So.2d 578

## PIERSON v. STATE.
### 6 Div. 85.

Court of Appeals of Alabama.
May 16, 1944.

Rehearing Denied June 6, 1944.

F. F. Windham, of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen. and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the justice of the peace court. From a judgment of conviction in said court an appeal was taken to the circuit court, where the defendant was tried upon a complaint filed by the circuit Solicitor. Said complaint is as follows: "The State of Alabama, by its Solicitor, complains of Manley David Pierson that, within twelve months before the commencement of this prosecution, he did operate a motor vehicle upon a public highway in Tuscaloosa County, Alabama, in an intoxicated condition against the peace and dignity of the State of Alabama."

The trial in the circuit court was by jury who returned a verdict of guilty as charged and assessed a fine of $100. Failing to pay the fine and costs or to confess judgment therefor, the court duly sentenced the defendant to hard labor for the county for the prescribed period of time as fixed by Statute.

Several insistences of error are presented to effect a reversal, the principal one is predicated upon the action of the court in refusing to defendant the general affirmative charge duly requested. There is no phase of this case entitling defendant to a directed verdict, and it is difficult to understand upon what theory this charge was requested. The evidence of the State tended to make out the case in its every detail, and was ample to support the verdict of the jury and to uphold, and sustain, the judgment of conviction pronounced and entered, from which this appeal was taken.

Among other things of like import the evidence in this case shows the following facts as stated in brief of the Attorney General: "The testimony of C. T. Young and Bill Rice, both Highway Patrolmen and witnesses for the State, tended to show that on April 17, 1943, about eleven o'clock, P. M., they were driving North on the Tuscaloosa-Birmingham Highway in the performance of their official duties, and that they met Appellant driving South in the middle of the road. The Patrolmen testified that they immediately turned around and followed him South into Tuscaloosa County, that Appellant 'was driving all over the road, first one side and then the other,' that on one occasion he ran completely off the road, and that as he swerved back onto the road, he barely escaped running into another car coming from another highway intersecting the road at that point, for which reasons they stopped Appellant. They testified that Appellant's breath smelled of intoxicants, that he was staggering and reeling drunk, that he couldn't stand still, that he talked thick tongued, and that there were several empty beer bottles and whiskey bottles in the car."

Appellant's insistence that error prevailed in the action of the court allowing the above-quoted testimony, is without merit. A witness may testify that a person is drunk or drinking. Dozier v. State,

130 Ala. 57, 30 So. 396; Wallace v. State, 16 Ala.App. 451, 78 So. 714; Hargrove v. State, 22 Ala.App. 67, 111 So. 587; Ballard v. State, 25 Ala.App. 457, 148 So. 752; May v. State, 167 Ala. 36, 52 So. 602.

That the arresting officers would not permit defendant to make bond, is of no moment or concern in this case. The insistence to the contrary borders upon the frivolous.

All other points of decision to effect a reversal have been examined, and found to be wholly untenable. A discussion of these patent elementary propositions is not deemed necessary and will not be indulged.

No reversible error appears in any ruling of the court upon this trial. The record is regular and the judgment of conviction from which this appeal was taken will stand affirmed in all things.

Affirmed.