26 So.2d 914

### JACKSON v. STATE.

### 8 Div. 511.

Court of Appeals of Alabama.
June 25, 1946.

Orlan B. Hill, of Florence, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Title 36, Sec. 2, Code 1940, makes it unlawful for any person who is intoxicated to drive any motor vehicle upon any highway of this State. Appellant was tried and convicted for the violation of this statute.

The evidence consists of that of two highway patrolmen who testified that the defendant was intoxicated and in this condition was driving a car along a highway in Lauderdale County, Alabama. Each of the officers described the condition of the appellant at the time of the arrest with reference to his manner of driving, his conduct and demeanor. They also stated that they detected the odor of intoxicants on the defendant's breath. The appellant did not testify at the trial.

During the progress of the examination of the officers objections were interposed by appellant's counsel to questions seeking to elicit whether or not, in the opinion of the witnesses, the defendant was under the influence of intoxicants. Due proof was made of the experience of the officers with reference to the subject of inquiry. The case was tried by the court without a jury, and the witnesses gave the judge full benefit of facts relating to the appearance and physical conditions of the accused. Clearly there was no error in overruling the objections interposed. Bal-

lard v. State, 25 Ala.App. 457, 148 So. 752; Davis v. State, 27 Ala.App. 551, 176 So. 379; Wallace v. State, 16 Ala.App. 451, 78 So. 714.

The lower court properly overruled the motion for a new trial.

We find no error in the record, and the judgment of conviction from which this appeal is taken is ordered affirmed.

Affirmed.