46 So.2d 226

## OTT v. STATE.
### 8 Div. 779.

Court of Appeals of Alabama.
Feb. 28, 1950.

Rehearing Denied March 21, 1950.

Jas. M. Proctor, of Scottsboro, for appellant.

220

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted of assault with intent to murder. The alleged assaulted party is Anderson J. Knight, Chief Deputy Sheriff of Jackson County, Alabama.

Pursuant to the provisions of Title 29, Sec. 210, Code 1940, Mr. Knight secured a search warrant directed to appellant's premises and authorizing a search for prohibited liquors. The warrant was addressed "To Any Lawful Officer."

Accompanied by Mr. James P. Haywood, State Prohibition Enforcement Officer, Mr. Knight proceeded to the home of the appellant. Upon arriving, the deputy knocked on the door of the house and informed the defendant that he and Haywood were officers and had a search warrant for the premises. The appellant opened the door and immediately shot at Mr. Knight. The two were standing only a few feet apart. There followed considerable pistol and rifle firing by each of the three above named parties.

We have delineated the tendencies of the evidence according to the testimony of the State's witnesses.

The only question pressed in briefs for our review is the action of the lower court in refusing written charges numbered 2, 3, and 4.

Appellant relies on Booth v. State, 22 Ala. App. 508, 117 So. 492, 494, for an authority for reversible error. Similar charges were there reviewed and approved by this court.

It is first to be noted that in the Booth case the search warrant was addressed "To the Sheriff or Any Constable of Said County." It followed the form prescribed in Sec. 105, Title 15, Code 1940.

It is made to appear also that Dailey secured the warrant and the indictment charged an assault on one Gilbert. It was not shown that the injured party had been deputized by Dailey to assist in the execution of the warrant.

In this state of the record Judge Samford wrote: "Under the evidence in this case, as it here appears, neither McCulley nor Gilbert was requested by Dailey to aid him in the execution of the search warrant which he claims to have had in his possession. Therefore refused charges 23 and 30 should have been given * * *."

In the case at bar Knight was the assaulted party and the indictment so charges. He was armed with the search warrant which unquestionably he was authorized to execute. If the charges in question had been given they would have tended to becloud the material issues in the case.

We think that they were properly refused for another reason, and this criticism applies with equal force to the holding in the Booth case. There is a long line of authorities which hold that it is never reversible error to refuse a charge which is not hypothesized on the evidence and which merely states an abstract proposition of law without further instructions to the jury in respect to its application to the issues in the case. Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A. L.R. 171; Reedy v. State, 246 Ala. 363, 20 So.2d 528; Claude Jones & Son et al. v. Lair, 245 Ala. 441, 17 So.2d 577; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Streetman v. Bowdon et al., 239 Ala. 359, 194 So. 831; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804; Lehigh Portland Cement Co. v.

Donaldson, 231 Ala. 242, 164 So. 97; Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; Thomas v. State, 34 Ala.App. 470, 41 So.2d 435; Smith v. Lilley, 252 Ala. 425, 41 So.2d 175.

 Refused charge 4 contains an additional objectionable feature. The court will not be put in error for refusing a written instruction which asserts that there is or is not evidence of a particular matter. Huguley v. State, 15 Ala.App. 189, 72 So. 764; Watts v. State, 8 Ala.App. 264, 63 So. 18; Bridgeforth v. State, 15 Ala.App. 502, 74 So. 402; Griffin v. State, 165 Ala. 29, 50 So. 962; Davis v. State, 27 Ala.App. 551, 176 So. 379; Pollard v. Williams, 238 Ala. 391, 191 So. 225; Mobile L. & R. Co. v. Phillips, 24 Ala.App. 318, 135 So. 424; Sparks v. State, 23 Ala.App. 257, 123 So. 292; Cleveland v. State, 20 Ala.App. 426, 103 So. 707; Farley v. State, 34 Ala.App. 54, 37 So.2d 434.

We find that it is not required that we decide whether or not Mr. Haywood, the State Prohibition Enforcement Officer, was authorized to assist in the execution of the search warrant and this without a request to do so by Mr. Knight.

In the Booth case, Judge Samford confined his decision to the provision contained in Sec. 106, Title 15 of the current code, Sec. 5477 or the Code of 1923. He did not discuss the possible application of Sec. 213, Title 29, Code 1940. The latter section provides in pertinent part: "The warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of the officer, he being present and acting in its execution."

It will be noted that the term "at his request" which is included in Sec. 106, Title 15 is omitted from Sec. 213, Title 29.

We point this out for whatever value it may contain.

The questions to which we have not responded relate to elementary principles of the law of evidence.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.