50 So.2d 796

## PATE v. STATE.

### 7 Div. 129.

Court of Appeals of Alabama.

Feb. 20, 1951.

J. A. Johnson, of Fort Payne, for appellant.

Si Garrett, Atty. Gen, and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appeal it from appellant's conviction on a charge of driving while drunk.

Upon the calling of the case for trial counsel for appellant moved for a continuance because of the absence of an unserved witness. This witness according to appellant's counsel was "the next thing to an eye witness," and one with whom

appellant had talked only a few minutes before his arrest.

The court denied the motion for a continuance.

No error will be cast upon the trial court in the matter of granting or denying a continuance in the absence of a clear showing of abuse of discretion. See Ala.Dig., Continuance, ☞ 7, for innumerable citation of cases. No such abuse of discretion is in anywise disclosed by the record in this case.

The evidence presented by the State was abundant in its tendencies establishing the offense charged. The defendant's evidence was of course contradictory of the tendencies of the State's evidence. All of which established a question of fact solely within the province of the jury to resolve.

The two highway patrolmen, and the jailer and sheriff who saw appellant shortly after his arrest, were all permitted over appellant's general objection to testify that appellant was drunk. No error resulted in this ruling. Pierson v. State, 31 Ala. App. 452, 18 So.2d 578, and cases therein cited.

No exception was reserved to the ruling made by the court on an objection by defendant's counsel to a portion of the argument of the Solicitor representing the State. The record is therefore not in shape to present this point for review. Burch v. State, 32 Ala.App. 529, 29 So.2d 422; American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507.

The verdict returned by the jury in this cause was: "We, the jury, find the defendant guilty as charged and assess his fine at $100.00."

The court thereafter entered a judgment adjudging the defendant guilty. The court however failed to impose any punishment of any nature upon the defendant. This cause must therefore be remanded to the lower court for determination of the punishment to be imposed in accordance with the statutes thereunto appertaining. See Section 2, Title 36 and Section 336, Title 15, Code of Alabama.

Affirmed, but remanded for proper sentence.