54 So.2d 607

**GLADDEN v. STATE.**

**7 Div. 151.**

Court of Appeals of Alabama.

Aug. 2, 1951.

Rehearing Denied Aug. 28, 1951.

198

Si Garrett, Atty. Gen., and A. A. Carmichael, Asst. Atty. Gen., for the State.

Keener & Keener, Centre, for appellant.

HARWOOD, Judge.

This appellant's jury trial on an affidavit charging him with operating a motor vehicle on a public highway while drunk resulted in a verdict of guilty.

The evidence presented by the State consisted of the testimony of C. M. Garrett, Sheriff of Cherokee County, and C. R. Hurley, a deputy sheriff of said county.

These officers testified that as they were driving down a state highway in Cherokee County, at a speed of about forty miles per hour, they met two cars. One was driven by the appellant. This car was driven in a "wabbly" manner, and it was necessary for the Sheriff to drive his vehicle partly off the highway to avoid a collision.

The officers immediately turned their car around and pursued the two other vehicles. They stopped these cars, with their vehicle being between the two pursued automobiles.

Two boys jumped out of one of the automobiles, and the officers chased them. During this time appellant drove his car down a side road about 200 yards, got out and walked back toward the Sheriff's automobile. He was met by the officers and placed under arrest.

Both officers testified that all of the above transactions occurred within a space of from five to ten minutes.

Sheriff Garrett testified without objection that he observed the appellant as he drove the automobile and that he was drunk, and that he was drunk when he was arrested some five or ten minutes later.

Over appellant's objection that it was not a part of the res gestae Deputy Hurley was permitted to testify that the appellant was drunk at the time he was arrested.

. Also, over appellant's objections, on the ground that the witness was not qualified by observation or knowledge, this witness testified that in his opinion the appellant was drunk when he saw him driving on the highway.

On cross examination Hurley testified that he saw the appellant as he approached the officers' automobile; that appellant's vehicle went from one side of the road to the other, and that the Sheriff had to drive partly off the road to avoid a collision; that while he did not recognize the appellant at the moment, he did see him, and formed his opinion as to appellant's condition at this time on the few seconds that he observed him driving.

Appellant thereupon moved to exclude Hurley's testimony as to appellant's condition at the time he was driving on the highway. This motion was denied by the court.

■■ It appears to be the rule in this jurisdiction that where it is proper to permit non expert opinion evidence, the witness may state his opinion without first detailing the facts on which he bases such opinion, where the matter testified about is not of a complex nature. Intoxication is such a matter. Dozier v. State, 130 Ala. 57, 30 So. 396; May v. State, 167 Ala. 36, 52 So. 602; Ballard v. State, 25 Ala.App. 457, 148 So. 752; Pierson v. State, 31 Ala.App. 452, 18 So.2d 578.

■ All testimony must be based on a witness' observation of the matter about which he is testifying. Where in a proper case a non expert is permitted to give opinion evidence, and cross examination discloses that his apportunity for observation was insufficient to afford any reasonable basis for the conclusion expressed, his opinion testimony should be excluded on motion. Where however an opportunity for observation is shown, even though slight, a witness should be considered competent to testify as to what he did observe. Certainly we know of no way to measure a witness' capacity for observation, other than as it may be determined by a jury which hears the testimony tending to show its strength or weakness on the facts developed from examination of the witness. When such facts are shown the weight of such testimony is for the jury.

■ The court therefore did not err in denying the motion to exclude the testimony of the witness Hurley as to appellant's condition of sobriety at the time he observed him driving on the highway.

■ Likewise the court did not err in overruling appellant's objections to questions seeking to show his alcoholic condition at the time of his arrest. Clearly there was not sufficient intervention of time from the main event to affect its admissibility. Gills v. State, 35 Ala.App. 119, 45 So.2d 44, certiorari denied 253 Ala. 283, 45 So.2d 51; Ballard v. State, supra.

■■ Appellant's counsel further argues that the writ of arrest issued in this case was void for the reason that it was issued by the clerk of the court rather than by the

200

judge, and therefore void, and that a trial upon a void warrant deprived the appellant of due process of law.

In Higdom v. Stuckey, 169 Ala. 148, 53 So. 301, 302, Justice Sayre stated the general doctrine as follows: "The ascertainment of probable cause upon which the right to issue a warrant of arrest depends involves an exercise of the judicial function, an exercise of jurisdiction as distinguished from merely ministerial or administrative powers, and, *though it may by the Legislature be committed to ministerial officers because it is not final in the absence of expression,* there is no intendment that such was the legislative purpose." (Italics ours.)

Section 23 of an Act pertaining to the Cherokee County Law and Equity Court, Local Acts 1943, pp. 81, 87, contains the following pertinent provision: "Section 23. Prosecutions for misdemeanors committed in Cherokee County may be instituted in this court by making an affidavit before the judge of said court or the clerk thereof, the writ of said affidavit to be issued by the clerk of said court, * * *."

· This in and of itself furnishes a complete answer to appellant's contention.

However it further appears that the appellant appeared in the court below and without questioning the sufficiency of the warrant entered a plea of not guilty.

While jurisdiction of the subject matter cannot be conferred by consent, jurisdiction of the person may, and irregularities in obtaining jurisdiction of the person may be waived. The appellant's actions in the trial below constituted such waiver. Sanders v. State, 16 Ala.App. 531, 79 So. 312; James v. State, 21 Ala.App. 295, 107 So. 727; Booth v. State, 21 Ala.App. 160, 105 So. 912.

The judgment entered in this cause is faulty in that there was no sentence imposed for the payment of the fine or costs.

This cause must therefore be remanded for proper sentence in accordance with Sections 339, 341 and 342 of Title 15, Code of Alabama 1940.

Affirmed, but remanded for proper sentence.