83 So.2d 260

**Roy DURHAM v. STATE.**

**7 Div. 375.**

Court of Appeals of Alabama.

Nov. 1, 1955.

W. M. Beck, Fort Payne, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

---

1. Ante, p. 104.

lace v. State, 16 Ala.App. 451, 78 So. 714; Hargrove v. State, 22 Ala.App. 67, 111 So. 587; Ballard v. State, 25 Ala.App. 457, 148 So. 752; May v. State, 167 Ala. 36, 52 So. 602.

No reversible error appears in any ruling of the court upon this trial. The record is regular, and the judgment of conviction from which this appeal was taken will stand affirmed in all things.

Affirmed.

BONE, Judge.

This appeal is from appellant's conviction on a charge of driving while intoxicated. Trial was had before the Honorable W. G. Hawkins, Judge of the DeKalb County Court, without a jury. The court found the appellant guilty and assessed his fine at $100.00.

Appellant was arrested, by the Sheriff of DeKalb County and one deputy, while operating an automobile on a public road in DeKalb County on 27 January 1955.

Testimony by the two law enforcement officers tended to show that at the time of the arrest the appellant was "staggering" and drunk.

At the conclusion of the State's evidence, appellant made a motion to exclude the State's evidence, which was denied.

The appellant did not take the stand, nor did any witnesses in his behalf.

Appellant insists that the motion to exclude the evidence of the State should have been granted because the State's evidence was illegal evidence.

The sheriff and his deputy testified, over the appellant's timely objection, that the appellant was drunk at the time the arrest was made. The objection was overruled and exception taken to the court's ruling. No error resulted from this ruling. A witness who knows may testify that a certain person is drinking or drunk. Pierson v. State, 31 Ala.App. 452, 18 So.2d 578; Dozier v. State, 130 Ala. 57, 30 So. 396; Wal-