The defendant was indicted and convicted for the first-degree murder of William Stinson. Sentence was life imprisonment.
The only issue raised on appeal is the refusal of the trial judge to give six of the defendant's written requested charges.
 I
Requested Charge 20:
 "In determining the credibility of witnesses, the jury should also consider the manner of their testifying, whether they were frank and open or whether they were evasive and should take into consideration the witness' character and any admitted acts of wrongdoing."
On the credibility of witnesses, the trial judge charged:
 "The credibility of a witness is solely for you the jury, to decide. Subject the testimony to the same scrutiny that you would subject any important conversation or act. The mere fact that a witness was called by the State or is a state or county or city agent, does not entitle such a witness' testimony to any more weight or credence than that of any other witness."
The defendant cites Storey v. State, 71 Ala. 329 (1882) andRoberson v. State, 24 Ala. App. 244, 133 So. 744 (1931), to support his allegation of error in the refusal of Charge 20. However, the essence of the charge in Storey and Roberson was that the credibility of the witnesses was a matter for the jury to decide. The charge in those two cases was:
 "Appellant requested the court to give the following written charge, which was refused: `If there is a conflict in the testimony of the witnesses offered by the State, and those offered by the defendants, the jury must determine which of said witnesses they will believe; and in determining what weight they will attach to the testimony of any particular witness, they may look to the manner of such witness on the stand, and to his interest and feeling (if any) in the case, and as to whether or not he has been contradicted by other witnesses in the cause, or by his own previous statements.'"
While the actual language of requested Charge 20 was not embraced within the court's oral charge, the import and intent of the requested charge were covered. For that reason we are unwilling to predicate reversible error upon the refusal of requested Charge 20.
 II
Requested charges number 9 and 10 dealt with a witness testifying under a promise of immunity or hope of reward. Although witness Robert Tubbs had been indicted for this offense, there was no evidence whatsoever that he or any other witness had been promised any immunity or reward for their testimony. The requested charges were therefore abstract and properly refused. Boggs v. State, 270 Ala. 209, 116 So.2d 903
(1960). *Page 137 
Requested charge number 9 was also specifically and properly refused because it contained a grammatical error. Bascom v.State, 344 So.2d 218 (Ala.Cr.App. 1977).
 III
The trial judge also refused defendant's requested charge number 17.
 "The defendant has presented evidence tending to show that he acted in self-defense. He has no burden of proof to sustain as to this. If his evidence, considered with all the other evidence, raises a reasonable doubt as to his guilt, he is entitled to acquittal. He is not obliged to establish this defense beyond a reasonable doubt, or even by a preponderance of the proof. The prosecution must prove his guilt beyond a reasonable doubt."
This charge, besides tending to confuse, contains a fatal defect: It asserts that there is evidence of certain facts. "It has been frequently held that courts cannot be required to declare to juries that there is or is not evidence of particular facts. Their business is to declare the law."Griffin v. State, 165 Ala. 29, 45, 50 So. 962 (1909). The court need not give requested charges that there is or is not evidence of certain facts. Watts v. State, 8 Ala. App. 264,63 So. 18 (1913); Farley v. State, 34 Ala. App. 54, 37 So.2d 434, cert. denied, 251 Ala. 391, 37 So.2d 440 (1948); Huguley v.State, 15 Ala. App. 189, 72 So. 764 (1916). Requested instructions that the evidence "tends" to show certain matters are properly refused as invasive of the province of the jury.Anthony v. State, 30 Ala. App. 425, 7 So.2d 513 (1942); Conn v.State, 19 Ala. App. 209, 96 So. 640, cert. denied, Ex parteConn, 209 Ala. 453, 96 So. 642 (1923).
 IV
The refusal of defendant's requested charge number 8 was properly within the discretion of the trial judge. That charge was:
 "The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. The jury should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. The jury may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side."
This charge attempts to express, in an awkward fashion, the concept that the number of witnesses in a criminal trial is not the basis for determining the issue of guilt since a fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Smith v. State,338 So.2d 1030 (Ala.Cr.App.), cert. denied, 338 So.2d 1033 (Ala. 1976);Mann v. State, 20 Ala. App. 540, 103 So. 604 (1925). However, disparity in the number of witnesses is a circumstance not to be overlooked, especially where the witnesses have had an equal chance for observation and are of equal credibility and the jury may properly consider the number of witnesses testifying. 88 C.J.S. Trial, Section 369 (1955); 23A C.J.S. Criminal Law, Section 1248 (1961).
We also find the charge somewhat confusing in that it discusses the weight of the evidence and the credibility of witnesses.
 V
Defendant's requested charge number 5, dealing with the felony murder doctrine, is not hypothesized on a "belief from the evidence" and was therefore properly refused. Barnett v.State, 389 So.2d 535 (Ala.Cr.App.), cert. denied, 389 So.2d 536
(Ala. 1980).
The defendant was well represented at trial and on appeal.
We have searched the record and found no error prejudicial to the defendant's rights. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 138