PATTERSON, Judge.
Appellant, Julius M. Martin, was arrested for driving under the influence of alcohol (D.U.I.) in violation of § 32-5A-191, Code of Alabama 1975, on June 19, 1984. On July 20, 1984, appellant was found guilty in the Municipal Court of Montgomery, Alabama, and filed notice of appeal to the circuit court.
A trial de novo by jury was held in the Montgomery Circuit Court on September 13, 1984, and appellant was found guilty as charged. It was determined that appellant had two prior D.U.I. convictions, this being his third within a five-year period and accordingly, he was sentenced to serve 90 days in the city jail and was fined $1,050.
Mr. Jessie James Washington testified on behalf of the State. Mr. Washington stated that he observed appellant back into the City of Montgomery Waterworks parking lot and that while backing in, appellant hit a car parked in the lot. The bumpers of the two cars locked and appellant was “spinning his wheels” in an effort to dislodge the cars. Mr. Washington, an assistant superintendent of the waterworks department, observed these events from his city truck, which was parked in the same *719 lot. Mr. Washington radioed the waterworks department and requested that someone contact the city police. Appellant was observed by Mr. Washington until the Montgomery City Police arrived about five minutes later. Mr. Washington stated that he did not observe appellant drink anything during this period; furthermore, he said that appellant “smelled like he had been” drinking, and staggered when he walked.
Montgomery Police Officer Hallet B. Jones testified that he arrived at the scene and observed appellant’s vehicle backed into another vehicle that was parked in the parking lot. Officer Jones completed an accident report, then transported appellant to police headquarters for a Gas Chromato-graph Intoximeter (G.C.I.) test. Officer Jones observed appellant as having slurred speech and requiring aid in balancing. No field tests were administered at the scene. The results of the G.C.I. test indicated that appellant had a .16 percent blood alcohol level at the time of testing.
Appellant testified in his own behalf. According to appellant, he had consumed two beers at “Dorothy’s Place,” presumably a local drinking establishment, and from there proceeded to downtown Montgomery in order to search for an unidentified person. Appellant stated he pulled forward into the City Waterworks parking lot, parked his vehicle, got out of his vehicle, and search for this unidentified person’s vehicle, returned to his vehicle, prepared to exit the parking lot, and at that point, backed into the other vehicle.
On this appeal one contention of error has been raised. It relates to the trial court’s refusal to give a written instruction requested by appellant. This instruction reads as follows:
“I charge you, members of the jury, that in this case as in all criminal cases, the Defendant is presumed innocent until proven guilty and that [if] by any reasonable construction of the evidence in this case someone other than the Defendant could have or might have done the things which the Defendant is charged, then it is your duty to give the Defendant the benefit of the doubt and find him not guilty.”
Appellant contends that the court’s failure to give the requested “presumption of innocence” charge constituted reversible error. We note that the trial court adequately explained in its oral charge to the jury that the appellant comes to court presumed innocent until proven guilty. “Where the matter in refused written charges is substantially and fairly covered in other given charges, the trial court does not commit prejudicial error in refusing such written charges.” Robinson v. State, 428 So.2d 148, 153 (Ala.Crim.App.1982); § 12-16-13, Code of Alabama 1975.
As to the second part of appellant’s requested charge, there was no evidence whatsoever introduced to suggest that someone other than appellant “could have or might have done the things which the Defendant is charged.” Appellant’s own testimony conclusively establishes that he was driving the vehicle in question on the date of the alleged offense. Thus, the requested charge may state a correct proposition of law in the proper case, but such a charge is not applicable in the case sub judice, where there is no conflict in the testimony as to who drove the car in question or backed into the other vehicle. “[T]he trial court may within its discretion refuse a charge which is not applicable to the evidence presented at trial even though said charge is arguably a correct statement of law.” Rogers v. State, 417 So.2d 241, 247 (Ala.Crim.App.1982).
For the foregoing reasons this case is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.