Pamela M. Grimes was charged by information with driving under the influence of alcohol or a controlled substance. The jury found her "guilty as charged" and, following a sentencing hearing, the trial judge fixed punishment at a fine of $500.00 and thirty (30) days in the county jail, all but forty-eight (48) hours of which was suspended.
Our review of this record uncovers no problem with the weight and sufficiency of the evidence from which the appellant was adjudged guilty. Prescott v. State, 44 Ala. App. 670,219 So.2d 655 (1969); Pace v. City of Montgomery, 455 So.2d 180
(Ala.Crim.App. 1984); Swann v. City of Huntsville,455 So.2d 944 (Ala.Crim.App. 1984); Hanners v. State, 461 So.2d 43
(Ala.Crim.App. 1984).
 I
The only issue raised on appeal is whether a police officer may testify in a D.U.I. prosecution that, in his opinion, the defendant was intoxicated. Appellant argues that such amounts to an opinion on the ultimate issue of fact and it is, therefore, inadmissible.
In this cause the prosecutor asked the arresting officer if he had an opinion concerning whether or not the appellant was intoxicated. Over objection by defense *Page 9 
counsel, the witness was allowed to answer the question and stated that it was his opinion that the appellant "was intoxicated" on the night in question. The prosecution brought forth this testimony only after eliciting evidence of how appellant was driving, that the officer smelled alcohol on her and in the car and that there were empty beer cans in the car. Also evidence was introduced that the officer administered a photoelectric intoximeter test and that this appellant had a reading of .157 on the test. See Patton v. City of Decatur,337 So.2d 321 (Ala. 1976).
A search of D.U.I. cases in Alabama reveals that a police officer is allowed to give his opinion as to the sobriety vel non of the appellant. See Pierson v. State, 31 Ala. App. 452,18 So.2d 578 (1944); Pate v. State, 35 Ala. App. 586, 50 So.2d 796
(1951); Gladden v. State, 36 Ala. App. 197, 54 So.2d 607 (1951);Durham v. State, 38 Ala. App. 341, 83 So.2d 260 (1955); Hollowayv. City of Birmingham, 56 Ala. App. 545, 323 So.2d 726 (1975);Ex parte Bush, 474 So.2d 168 (Ala. 1985).
We have found no error in this record and, therefore, are of the opinion that this cause should be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.