TYSON, Judge.
Oscar Lee, Jr. was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of murder as charged in the indictment.” He was sentenced to 75 years in the state penitentiary and ordered to pay $5,000 as victim’s compensation.
The evidence presented by the State tended to show that the victim in the case, Nathaniel “Chet” Burney, died as a result of knife wounds inflicted by the appellant, Oscar Lee, Jr., while the two were engaged in a fight on December 13, 1985. The victim had been quarreling with his girlfriend, Ms. Patricia Harris, prior to the knifing. The appellant, who had dated Harris the previous summer, intervened when the victim hit Harris in the face. At one point, the victim lunged at the appellant. The appellant then grabbed the victim and began stabbing him in the back with a knife. He eventually stabbed the victim in the chest. The chest wound was determined to be the cause of death.
The victim was unarmed at the time of the knifing. The evidence was in conflict as to whether or not the victim reached for his pocket as he lunged at the appellant.
The incident occurred at the home of Ms. Jessie Cochran in Dothan, Alabama. Coch *744 ran testified that she first saw the victim when he arrived at her home around 8:00 p.m. She left her home soon thereafter. When she returned sometime before 9:00 p.m., Ms. Harris and the appellant were there, and Harris and the victim were engaged in an argument. When asked whether or not the appellant was a “guest” in her home at the time of the knifing, Ms. Cochran replied that he was there when she got home. She stated that the victim had been a guest. Ms. Cochran told the appellant and the victim that they would have to leave if they did not quit fighting.
I
The only issue raised on appeal by the appellant concerns the trial judge’s failure to give his requested jury charges numbers 18 and 14. The charges were as follows:
“DEFENDANT’S REQUESTED JURY INSTRUCTION NO. 13
“I charge you, members of the jury, that if, without his fault, a guest in the home of another, was assaulted there by another, the law imposed (sic) on him no duty to retreat therefrom, but he has a right to stand his ground and defend himself even to the taking of the life of his assailant.
“Given Refused X”
“DEFENDANT’S REQUESTED JURY INSTRUCTION NO. 14
“I charge you, members of the jury, that if the defendant was a guest of the owner or occupants of the house, there by invitation, while in the house in that capacity the law arms him with the right to defend himself against an unlawful assault from outsiders, he being free from fault, and to employ all necessary force to protect his own life or his person from grievous harm. For this purpose and under these circumstances, he is armed with the same rights of self-defenses (sic) as if he had been the owner of the house, as to all persons except its lawful occupants.
“Given Refused X”
(R. 222)
The appellant argues that the jury should have had the opportunity to determine whether or not he was a guest in Ms. Cochran’s home and, therefore, had no duty to retreat before using deadly force in self defense against the victim in this cause.
Due to the fact that these charges do not bear the signature of the trial judge, this court is not obligated to consider the appellant’s contention concerning them on appeal. Woods v. State, 387 So.2d 313 (Ala.Crim.App.1980).
However, even had this issue been properly presented for our review, we would have found the appellant’s contention to be without merit. Neither charge was applicable to the evidence presented at trial. Martin v. City of Montgomery, 469 So.2d 718 (Ala.Crim.App.1985). The evidence does not support the appellant’s assertion that he was a guest in Ms. Cochran’s home at the time of the knifing.
Furthermore, we note1 that both of the charges were grammatically defective, (see White v. State, 410 So.2d 135 (Ala.Crim.App.1981)), and charge number 13 required further explanation, i.e., the definition of “guest”. See Wakefield v. State, 447 So.2d 1325 (Ala.Crim.App.1983).
Having found this appellant’s sole contention on appeal to be without merit, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, PJ., in result only.