304 So.2d 247

**William Otis MYRICK**

v.

**CITY OF MONTGOMERY.**

**3 Div. 244.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

Frank W. Riggs, Montgomery, for appellant.

**6**

John T. Kirk, Montgomery, for the City of Montgomery.

PER CURIAM.

This appellant was convicted of a breach of a Montgomery ordinance. The particular breach was driving while under the influence of an intoxicating beverage.

In its proof the City relied on the results of a breath test made on an "intoximeter." This seems to be a machine which uses sophisticated chemo-physical processes to gauge the blood alcoholic content from the output of the lungs of the person tested.

■ The "Alabama Chemical Test for Intoxication Act," No. 699 of September 11, 1969,[1] § 2, makes certain chemical analyses of, inter alia, a person's breath admissible in evidence in "civil or crimi-

nal" actions. Such analyses carry with them specified rebuttable presumptions. See McCreary v. State, 42 Ala.App. 410, at p. 413, 166 So.2d 914.

■ The validity of such analyses is conditioned on:

(a) the performance being under a method, or methods; and

(b) by a person with a valid permit;

all as approved by the State Board of Health.

■ Since this section making the analysis admissible is contrary to Common Law it must, particularly in a criminal case, be strictly construed. Hence, it was incumbent on the City to show:

(1) which test it had designated for its approved officers to administer (§ 1(a) of said Act, 3rd sent.); and

(2) that the test and the operator have been approved as required by § 2(b).

■ The record sub judice fails to show such proof. We pretermit deciding whether or not the limitation of the Act to civil and criminal causes eliminates "quasi-criminal" cases from its field of operation. But see City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402, which holds that a violation of a city ordinance is not a criminal proceeding.

The judgment below is reversed and this cause is remanded.

Reversed and remanded.

All the Judges concur.

CATES, P. J., concurs, but would also hold that the Legislature purposefully excluded the use of such tests in municipal cases. This, of course, would not prevent the city police from making their cases in the State courts.

TYSON, J., concurs in the above.

---

1. The constitutionality of this statute was not raised below.

any objections to possibly inadmissible evidence could be made, the tape recording was properly admitted into evidence for voice identification purposes.