323 So.2d 726

**Aaron HOLLOWAY**

v.

**The CITY OF BIRMINGHAM.**

**6 Div. 24.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Rehearing Denied Dec. 16, 1975.

Joseph W. Adams, Birmingham, for appellant.

W. O. MacMahon III, Birmingham, for appellee.

TYSON, Judge.

The appellant, Aaron Holloway, was charged with the violation of Section 34–56 of the City Code of Birmingham, Alabama, by driving a motor vehicle while under the influence of an intoxicating beverage.

The jury found the appellant guilty, and the court fixed punishment at a fine of $100.00. The court also assessed thirty days hard labor as additional punishment for failure to pay the fine and costs accrued in Recorders Court, and twelve days at hard labor for the county as cost of this proceeding.

Although the City of Birmingham did in its proof in support of its complaint place Officer Jervis Wooten on the stand to testify as to the results of a P.E.I. test administered by him about 7:15 on the evening of February 15, 1975, at the Ensley Precinct, the City of Birmingham also offered the testimony of Birmingham Police Officers Oliver E. Young and R. L. Webb, who arrested the appellant at the scene of the accident at the intersection of 8th Street and Avenue H in the City of Birmingham, Jefferson County, Alabama.

Each of the officers testified that they were answering another call when they observed the appellant endeavor to make a left hand turn onto Avenue H from 8th Street. The appellant was driving at such a high rate of speed that he could not make the turn, the rear of the automobile slid across the street and hit a parked motor vehicle. Each officer testified that the appellant was driving a 1964 Valiant, and that the speed zone at the intersection was 25 miles per hour. Each of the officers testified that the front end of appellant's vehicle struck the rear of the parked automobile. The two officers testified that when they approached the appellant's vehicle they asked for the appellant's driver's license, that he was slumped under the wheel, and there was a strong odor of alcohol about his person. After asking for his driver's license, they asked the appellant the date of his birth, and that the appellant could not remember his birth date. Each officer testified that the accident occurred about 6:00 p. m., February 15, 1975. The two officers estimated appellant's speed at the time of the accident between 35 and 40 miles per hour. Each officer also testified that the appellant had nothing to eat or drink between the time of his arrest and his being taken to the Ensley Precinct, and then to Mercy Hospital before being taken to the City Jail. Each officer testifed that the appellant was given a balloon test at the scene, which was "positive."

The City, in support of its test, as administered to the appellant by Officer Wooten at the Ensley Precinct, placed in evidence a Birmingham Police Office Memorandum, dated December 4, 1974, which directive designated the Photo-Electric Intoximeter as the principal test to be administered by the Birmingham Police Department in determining the alcoholic content of blood.

Officer Wooten also testified that he held a permit from the State Board of Health and had been given a forty hour course, which he successfully completed in the operation of the machine in question, and that this machine had been examined on January 9, 1975, and found to be in good working order.

The appellant testified that he had been by his own home and then gone to visit his brother-in-law, who lived on Avenue F. He denied drinking any alcoholic beverages at his brother-in-law's home, but stated that he had had a beer at his own home before he drove over there. The appellant denied that he staggered, or that he was under the influence of alcohol at the time of his arrest following the accident in question. The appellant did admit that he signed a consent form to take the test in question.

On cross-examination, the appellant admitted that he had signed a consent form at the Ensley Precinct Station, as well as giving the officers permission to administer a balloon test at the scene. The appellant did not dispute the two officers' testimony as to the accident except to say that his wheels had locked, causing him to skid. The P.E.I. test result was .23% alcohol.

I

The appellant asserts as error the failure of the City of Birmingham to lay a proper predicate prior to its admission into evidence of the Photo-Electric Intoximeter test administered to the appellant about 7:15 on the evening of February 15, 1975, as required by Title 36, Section 155(b), Code of Alabama 1940, as amended 1969. See *Myrick v. Montgomery,* 54 Ala.App. 5, 304 So.2d 247.

This Court pretermits consideration of this objection as we are firmly of the opinion that the appellant's condition at the time of the accident, and immediately thereafter, was fully proven by the City by the testimony of Officers Young and Webb, who both observed the accident at the time of its occurrence and talked with the appellant immediately thereafter, then placed him under arrest at the scene.

The record contains proper proof of the guilt of the appellant. The judgment appealed from is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.