TYSON, Presiding Judge.
The City of Birmingham’s complaint charged Ervin Weaver with driving a vehicle while under the influence of intoxicating liquor at 31st Street and Pearson Avenue, Southwest, on January 24, 1976, in violation of Section 34-56 of the City Code of Birmingham, Alabama. Prom an adverse judgment in Recorders Court, the appellant appealed to the Circuit Court, and following a jury trial, the appellant was found guilty and punishment fixed at a fine of $75.00. The trial court, in addition, sentenced the appellant to perform hard labor for the City of Birmingham for a total of twenty-five days (ten days because of his failure to pay Recorders Court for fine and costs), and assessed $45.00 costs against the appellant.
The issue dispositive of this appeal is whether or not the City of Birmingham laid a proper .predicate before the admission into evidence of the results of the photoelectric intoximeter test (PEI) administered to the appellant on January 24, 1976, at the Birmingham City Jail. We find the predicate deficient in at least two respects, and therefore reverse this case.
Birmingham Police Officer Fulghan testified that on January 24, 1976, he saw Mr. Ervin Weaver at the Birmingham City Jail at about 10:30 in the evening. He stated he observed him for about twenty or twenty-five minutes, and during this time he detected the odor of alcohol about his breath and that he appeared unsteady on his feet. He stated that Mr. Weaver had no food during this interval before the photoelectric intoximeter test was administered to him.
Mr. Fulghan also testified that he had received a permit from the Alabama State Board of Health to operate the PEI machine, having attended a school for one week, and then being given his permit. Mr. Fulghan stated that he had a check-list which he used in operating the machine. He described the several steps which he followed before administering the test to Mr. Weaver. He stated that he was given the same check-list by the Alabama Department of Health, but nowhere in the record does the “check-list” appear.
Mr. Fulghan testified that he had been operating the machine for about a year and four months prior to January 24, and that under questioning by the Court, the machine was inspected “once a month by State Troopers,” but he did not know when the machine had been last inspected by either the Health Department or the State Troopers.
Over motion to suppress because of a lack of a proper predicate, the objection, and motion to exclude, Mr. Fulghan was allowed to state that the reading in the case at bar was .18%.
Birmingham Police Officer Orville Jerome Webster testified that he and his partner, Officer Glover, observed Ervin Weaver, the appellant, operate a motor vehicle at *101 the intersection of the 3200 block of Pearson Avenue, making a left-hand turn on Pearson Avenue from 32nd Street. He stated that he observed Mr. Weaver’s car weave a little and stop at about 31st Street and Pearson Avenue. He detected the odor of alcohol on the breath of Mr. Weaver, and he and his fellow officer placed him under arrest at the scene. He stated that Mr. Weaver was held at the scene about thirty minutes before being taken to police headquarters.
On cross-examination, Officer Webster testified that he did not observe Mr. Weaver smoke during this interval, and it appeared that Mr. Weaver had had a “little to drink.”
Officer Kenneth H. Glover testified that he was riding with Officer Webster on January 24, 1976, when they observed Mr. Weaver making a left-hand turn at about the 3100 block onto Pearson Avenue in Birmingham. He stated that he saw the appellant’s car weave across the yellow line, and that they stopped the car. He stated that he detected the odor of alcohol on the appellant’s breath, and that the appellant walked in an unstable manner. He further testified that Mr. Weaver said “he had a little to drink.” He stated that Mr. Weaver’s ear was inventoried, and they found two quarts of Bourbon unopened.
The appellant’s motion to exclude was overruled.
The appellant, Ervin Weaver, testified that he was self-employed as a carpenter and lived at 1531 Fourteenth Street, Southwest, in the City of Birmingham. He testified that he had been to a friend’s home, one Charlie Boren, for dinner, that they had played some cards, and that he had had one drink of Bourbon before leaving about 9:30 or 10:00 to drive home. He testified that he had purchased a Fifth of Bourbon and a Fifth of Scotch, which were in his car, but unopened. He stated that he was driving home when the officers stopped him.
The appellant’s motion for a new trial was overruled.
I
This Court, in Myrick v. Montgomery, 54 Ala.App. 5, 304 So.2d 247, cert. denied 293 Ala. 768, 304 So.2d 248, construed the provisions of the so-called “Alabama Chemical Test for Intoxication Act” (Title 36, Section 155, Code of Alabama 1940, amended 1969) and determined that certain criteria must be observed by the cities of Alabama in laying a proper predicate before the introduction into evidence of the “breatholizer test.” We also observe that since this section was contrary to common law, it was penal in nature, and that it must be strictly construed. Myrick, supra.
While it is true that Officer Fulghan testified that he had attended an approved course on the operation of the PEI machine, and held a valid permit to operate same, nowhere in the record is there duly certified and authenticated copy of the methods or regulations duly adopted by the Alabama State Board of Health for the operation by law enforcement agencies of the photoelectric intoximeter. Patton v. City of Decatur, 1976, Ala., 337 So.2d 321, makes this an absolute requirement as part of the predicate to be laid in the cases, such as is here present. We cannot find that Mr. Ful-ghan’s reference to a “check-list” was a proper observance of this requirement.
II
We deem it also appropriate to here point out that there is no proof in this record as to which “test” the City of Birmingham has adopted as its method to be used in such cases, nor is there any reference to a Birmingham City Ordinance which may have been adopted for such test. Myrick v. Montgomery, supra, makes this an absolute requirement.
The City of Birmingham contends that because the two officers observed Mr. Weaver in the automobile at the scene where he was arrested, “there is other proof of the appellant’s condition,” hence, the failure to lay a proper predicate in the case at bar may be laid aside. Holloway v. Birmingham, 56 Ala.App. 545, 323 So.2d 726.
*102 However, in Holloway, the two officers actually observed the accident in question, arrested Holloway at the scene, and gave much stronger testimony as to his condition than is here present in this record. Also, Patton v. City of Decatur, supra, had not been enunciated by our Supreme Court at the time of the decision by this Court in Holloway.
Our Appellate Courts must view the record in light of what it contains, as tested by legal principles articulated by the Legislature of Alabama and the dispositive authorities as enunciated by the courts.
For the errors shown, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Judges concur.