Driving while intoxicated; $200 fine.
Around dusk on January 11, 1980, the appellant was stopped by Alabama State Trooper Curtis Wright in Phenix City for a headlight violation. Upon observing the appellant's condition and the interior of his car, Wright placed him in the rear of his patrol car and administered a portable intoxication test. The appellant was then transported to the Russell County Jail and given a photoelectric intoximeter (PEI) test, the results of which indicated that the appellant's blood contained, by weight, .10 percent of alcohol.
 I
Appellant contends that the trial court erred in admitting any evidence concerning the instant charge, especially the results of his PEI test, as he was the victim of an unlawful arrest. He asserts that Trooper Wright had no probable cause to stop his vehicle. Wright testified that he received a radio communication from his superior, Corporal Harry McElwee, whose patrol car was parked adjacent to his, to pursue and stop a car for a headlight violation. He did not see the violation although apparently Corporal McElwee did. Wright followed the orders given him and stopped the car which was driven by the appellant. He observed the faulty headlight and, when appellant *Page 201 
exited his car, observed several beer bottles inside the car. Trooper Wright placed the appellant in his patrol car wherein he smelled the odor of alcohol on and around appellant.
Trooper Wright testified that he had made numerous arrests of persons for driving while intoxicated, was familiar with the smell of alcohol, and had the opportunity to observe the appellant. At the scene he administered a portable field test to determine whether the appellant was intoxicated. He informed appellant of the consequences for the failure to take a PEI test pursuant to § 32-5-192 (a), Code of Ala. 1975, and transported him to the Russell County Jail where he administered the PEI test with the consent of the appellant. On cross-examination by defense counsel, Wright also stated that at the scene he recognized the appellant because he had previously arrested him for the same offense.
As defined in Draper v. United States, 358 U.S. 307,79 S.Ct. 329, 3 L.Ed.2d 327 (1959):
 "Probable cause exists where `the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. . . ."
(Citation omitted.)
The mere fact of a radio dispatch will not in and of itself supply probable cause for a police officer to make an arrest. However, when coupled with the credibility of the source, detail of the information dispatched, and other pertinent circumstances giving rise to the dispatch and arrest, it may give rise to the requisite probable cause. Rudolph v. State, Ala.Cr.App., 371 So.2d 962, cert. denied, Ala., 371 So.2d 965
(1979); Hancock v. State, Ala.Cr.App., 368 So.2d 581, cert. denied, Ala., 368 So.2d 587 (1979); Robinson v. State, Ala.Cr.App., 361 So.2d 379, cert. denied, Ala., 361 So.2d 383
(1978); and cases cited therein. See also Campbell v. State, Ala.Cr.App., 354 So.2d 325 (1977); McClendon v. State, Ala.Cr.App., 341 So.2d 174 (1976), cert. denied, Ala.,341 So.2d 178 (1977). The knowledge possessed by a superior officer may be imputed to the individual arresting officer in determining whether probable cause existed for the arrest.Robinson, supra.
In the instant case Trooper Wright was directed by his superior, who had apparently observed the headlight violation, to pursue and stop the appellant. Upon stopping him Wright personally confirmed the accuracy of the radio dispatch. Consequently, we see no illegality in the initial stop.
In addition, Trooper Wright observed the presence of beer bottles inside the appellant's car and smelled the odor of alcohol on and about appellant. He also recognized the appellant because he had previously arrested him for the same offense. He thereby had some knowledge of the appellant's reputation. Taken collectively, the circumstances amply provided the requisite probable cause for appellant's arrest.
 II
Appellant contends that Trooper Wright was not properly certified to administer a PEI test because he did not produce at trial an operator's permit covering the period during which the test in question was given. He cites no authority to this court in support of that contention. Wright testified that he had received special training for operating a PEI machine at the Alabama Criminal Justice Training Center in Montgomery, with such training being updated approximately every six months. He stated that he had maintained a current PEI operator's permit since becoming a State Trooper, a period of about four and one-half years. Wright testified that on January 11, 1980, he was duly certified to operate a PEI machine although he did not have a copy of that permit with him. He stated that he had no reason to keep his expired operator's permit in effect on January 11, 1980, as he had a current permit *Page 202 
issued in May, 1980. Wright's testimony was uncontradicted by the appellant. The evidence indicates that on January 11, 1980, he was duly authorized to administer PEI tests.
Appellant argues that Trooper Wright's May, 1980, operator's permit was improperly admitted into evidence; however, the record discloses that the trial court sustained the appellant's objection to its admission.
 III
Appellant contends the PEI machine used to administer his test was not properly calibrated, certified, and operating.
Trooper Wright testified that a record book of the tests performed by the PEI machine is regularly made and maintained by each operator in the PEI room of the Russell County Jail. He testified that notations are made into the record as each test is made. He stated that inspections by the Alabama Department of Public Safety are made monthly with the results of such being entered in the record book. Testifying from the record book, Wright noted his January 11, 1980, entry concerning the appellant and the last machine inspection prior to the appellant's test dated December 13, 1979. The book indicated that the PEI machine had been inspected and performed accurately. It indicated that the machine was subsequently inspected on January 14, 1980, with the same result. Wright stated that the inspector's notation indicates that the machine was operating properly when he completed his inspection, but could have been adjusted in order to perform accurately.
The record book was properly admitted into evidence as a business record which is an exception to the hearsay rule, and "[a]ll other circumstances of the making of such record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility." Section 12-21-43, Code of Ala. 1975; Bagonyv. City of Birmingham, Ala.Cr.App., 365 So.2d 336 (1978); Gamble, McElroy's Alabama Evidence, § 254.01 (1)-.01 (3), .01 (14) (3d ed. 1977). See generally, Thompson v. State, Ala.Cr.App., 384 So.2d 1131 (1979), cert. denied, Ala.,384 So.2d 1135 (1980). Consequently, appellant's contention is without merit.
 IV
Appellant contends that his PEI test was not administered according to the rules and procedures promulgated by the State Board of Health. He further asserts that the trial court erred in admitting a copy of the 1976 rules and procedures followed by Trooper Wright when his PEI test was administered.
Trooper Wright testified that prior to administering the appellant's test he checked and inspected the machine in order to insure its proper functioning. He stated that such was done for every test given. He found no malfunction of the machine. Wright stated that the machine inspection was performed following rules and procedures issued by the State Department of Health. Wright testified that he followed those rules and procedures prior to and during the administering of the appellant's test. The rules and procedures promulgated in 1976 contain a certification by the State health officer.
We find no error in the trial court's admittance into evidence of those rules and procedures nor in the court's approval of the procedure followed by Trooper Wright in administering the appellant's test. Patton v. City of Decatur, Ala., 337 So.2d 321 (1976); Code § 32-5-193 (b), supra; Gamble,McElroy's Alabama Evidence, § 482.01 (3d ed. 1977).
 V
Appellant contends that the results of the PEI test were inadmissible as he was not informed of his right to have an independent test performed at his own expense to determine intoxication pursuant to Code § 32-5-193 (d). He argues that Trooper Wright should have informed him of that right. *Page 203 
Section 32-5-193 (d) places no duty upon any law enforcement agency administering such tests to inform or notify the accused that he may have an independent blood alcohol test performed. The option set out in § 32-5-193 (d) is addressed to the discretion of the person tested and in no way affects the admissibility of the test given at the behest of the State. The very language of that section refutes the appellant's argument on this issue. Consequently, no error was committed in this regard.
AFFIRMED.
All the Judges concur.