Appellant was charged by the City of Huntsville by formal complaint of driving under the influence of alcohol. Appellant was duly arraigned and pled not guilty. The case was tried before a jury and appellant was found guilty and sentenced to twenty (20) days' imprisonment and fined five hundred dollars ($500).
On October 8, 1983, Officer William Culver of the Huntsville Police Department was on patrol on Governors Drive in Huntsville, Alabama. He was traveling east when he observed a vehicle with only one headlight approaching from the opposite direction. This vehicle then proceeded south onto the Parkway access road, and Officer Culver followed in his vehicle. He then observed the vehicle weave back and forth within the left lane. Officer Culver stopped the vehicle near Leeman Ferry Road.
After both vehicles stopped, appellant exited his car, and in a staggering manner proceeded back toward Officer Culver. When asked to produce his driver's license, appellant fumbled around momentarily, and finally produced the license. When asked how much alcohol he had consumed, appellant replied "a couple." Officer Culver described appellant as having very red eyes and slurred speech. In addition, Culver smelled a strong odor of what seemed to be an alcoholic beverage on appellant's breath. *Page 1010 
Officer Culver administered a series of field sobriety tests, and, when appellant could not properly perform them, Officer Culver advised appellant that he was under arrest for driving under the influence. After placing appellant in the back of the patrol car, Culver inventoried appellant's vehicle for impoundment. At that time, he observed a brown paper bag which contained a plastic bag with a green leafy substance inside. This material was then seized as evidence.
Officer Culver then transported appellant to the police department, and he was given a breathalyzer test. Officer John Reed of the Huntsville Police Department, who was properly trained and certified in the use of the Breathalyzer 1000 machine, then administered a breath test on appellant. The result of the test showed appellant's blood alcohol content to be .19 percent.
On appeal, five issues are raised by appellant. First, appellant alleges that the trial court erred by allowing the introduction into evidence of a copy of the Rules of the State Board of Health regarding chemical tests for intoxication. Specifically, appellant contends that this copy should have been certified by the department head or under the seal of the circuit court of Montgomery County, pursuant to Ala. Code (1975), § 12-21-67.
An examination of the record reveals that the copy of these rules was certified by James T. Pons, agency secretary of the Department of Public Health, who further certified that these rules were kept in his office, under his control and custody.
For these chemical test results to be admissible, the prosecution must show that the test was performed (1) by an individual possessing a valid permit issued by the state board of health for this purpose, and (2) according to methods approved by the state board of health. Estes v. State,358 So.2d 1050 (Ala.Cr.App. 1977), cert. denied, 358 So.2d 1057
(Ala. 1978). It is mandatory that these two requirements be met before the results of the chemical tests are admissible in a criminal case. Myrick v. City of Montgomery, 54 Ala. App. 5,304 So.2d 247, cert. denied, 293 Ala. 768, 304 So.2d 248 (1974). While it is undisputed that the first requirement was met, appellant contends that the certification by the agency secretary was not proper. We cannot agree.
In Estes, supra at 1056, this court noted that the State proved that both the test and the operator were approved by the state board of health, and the introduction of a duly certified and authenticated copy of the methods and regulations adopted and approved by the state board of health governing performance of the test, was sufficient to validate the test results.
In Patton v. City of Decatur, 337 So.2d 321 (Ala. 1976), there was no showing that the methods and regulations of the state board of health were followed in administering the test. The trial court had before it "no certified methods promulgated by the Board of Health for administration of the test and consequently was unable to ascertain standards against which the evidence could be measured." Patton, at 324.
In both Elmore v. State, 348 So.2d 265 (Ala.Cr.App. 1976), and Webb v. State, 378 So.2d 756 (Ala.Cr.App.), cert. denied,378 So.2d 758 (Ala. 1979), the failure to introduce any evidence of the proper methods and regulations governing the administration of these tests mandated the exclusion of the test results. In Commander v. State, 374 So.2d 910, 917
(Ala.Cr.App. 1978), writ quashed, 374 So.2d 921 (Ala. 1979), this court stated:
 "However, there was no testimony or proof that the manner in which the test was conducted was performed according to methods approved by the state board of health. The fact that the test operator was an expert or was duly certified provides no basis for any presumption that the test was correctly performed." (Emphasis in original.)
The document introduced into evidence clearly contained the written guidelines utilized by the state board of health regarding chemical tests for intoxication. In addition, under the Alabama Administrative *Page 1011 
Procedure Act, § 41-22-1, Code of Alabama 1975, it is apparent that the secretary at any State agency is the officer designated to be the keeper of all such rules and regulations. Ala. Code (1975), § 41-22-6 In the present situation, it is proper for the agency secretary of the Department of Public Health to certify the rules for chemical tests for intoxication, and, therefore, the exhibit was properly authenticated.
Appellant next contends that the trial court erred in allowing the arresting officer to testify that a brown bag containing a green leafy substance was in appellant's possession at the time he was arrested. It should be noted that the record indicates that the prosecution at no time during the trial suggested that this substance was marijuana or any other controlled substance.
On cross-examination of Officer Culver, defense counsel asked if appellant was charged only with driving under the influence of alcohol. Culver responded that appellant was also charged with possession of marijuana. On redirect examination, no mention was made of marijuana.
During direct examination of appellant by his own attorney the following occurred:
 "Q Mr. Childress, there has been some testimony about a green leafy substance being found in your car?
"A Yes, sir.
"Q What was that substance?
"A Marijuana.
"Q How much marijuana was in there?
"A Just a very little bit.
"Q Had you had anything to smoke that night?
"A No, sir, I hadn't.
"Q Have you plead guilty to possession of marijuana?
"A Yes, sir, I have.
"Q And were you sentenced?
"A Yes, sir.
 "Q And you served your debt to society for that charge?
"A Yes, sir.
"Q And you admit that it was wrong?
"A Yes, sir.
"MR. PRICE: Nothing further."
On cross-examination of appellant, the prosecution asked just one question concerning the marijuana:
 "Q The officer also found some scales in your car, what were those scales used for?
 "MR. PRICE: Objection, Judge, irrelevant to the issues in this case.
"THE COURT: Sustained.
 "MR. PRICE: I withdraw the objection, he can answer it. You may answer it.
"A To weigh the marijuana for my own personal use."
Again on redirect examination of appellant, defense counsel delved into the matters further:
 "Q Now, this issue about scales being in your car, are you admitting to the jury that you have consumed marijuana for your personal use?
"A Yes, sir.
"Q And when you buy marijuana, do you weigh it?
 "A To make sure you get the right pounds you weigh it, yes, sir.
"Q Do you still smoke marijuana?
"A No, sir.
"MR. PRICE: I have nothing further."
While appellant alleges that the trial court should not have allowed testimony of a crime other than the crime for which appellant was being tried, we cannot agree with this contention.
The proper rule is that testimony, apparently illegal upon admission, may be rendered prejudicially innocuous, by subsequent legal testimony to the same effect or from which the same facts can be inferred. Yelton v. State, 294 Ala. 340,317 So.2d 331 (1974). A defendant cannot complain of the admission of improper evidence, where he himself testified to the same facts. Any error in admitting the original statement by Officer Culver, was cured when the same evidence was later elicited by the appellant and permitted to remain in the record without objection. Pitts v. State, 291 Ala. 136, 279 So.2d 119 (1973). Any *Page 1012 
error caused by the prior testimony was, therefore, rendered harmless by appellant's subsequent testimony. Chambliss v.State, 373 So.2d 1185 (Ala.Cr.App.), cert. denied,373 So.2d 1211 (Ala. 1979).
Appellant next contends that the trial court erred by not giving the attorneys a charge conference prior to closing arguments. Appellant alleges that A.R.Crim.P. Temp. 14, requires the trial court to inform counsel, in advance of arguments to the jury, of its proposed action upon written requests for jury instructions.
The record indicates that defense counsel made no objection to the trial court's failure to inform counsel of the proposed action, until after both closing arguments and the trial court's oral charge. No request was made for a pre-charge conference, nor any attempt to glean how the trial judge would rule on the submitted charges.
Further, there has been no showing that the failure of the trial court to inform defense counsel had any detrimental effect on his closing argument. Prejudice must flow from the inadvertent failure to inform counsel in advance. Pruett v.Marshall, 283 F.2d 436 (5th Cir. 1960). Appellant admits in his submitted brief that the trial court gave the requested charges to the jury. As a result, appellant's contention is moot.
Appellant next seeks to attack the validity of the charging document, the contention being that it was not clear which crime appellant was convicted of by the jury verdict. This attack on the formal complaint brought by the City of Huntsville is being raised for the first time on appeal.
Objections based on defects in the commencement of proceedings or in the charge, other than lack of subject-matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion, A.R.Crim.P. Temp 16.2 (a). Under these circumstances, we will not review the complaint. Stehl v.State, 283 Ala. 22, 214 So.2d 299 (1968).
Appellant's final contention, that Alabama's implied consent law § 32-5-192, Code of Alabama 1975, requires that an individual be arrested for an offense other than driving under the influence, is misguided and a clearly erroneous interpretation of the statute.
 "(A) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor."
(Emphasis added.)
Ala. Code (1975), § 32-5-192.
While appellant may contend that the statute is not logical, it is apparent that appellant's contention is illogical. If a defendant is arrested for the offense of driving under the influence of alcohol, there is no need that that defendant be arrested for any other offense.
An examination of appellant's contentions and the record reveals no errors prejudicial to appellant's substantial rights. This cause is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1013