Appellant, Jane Irene Harper, was arrested on October 12, 1983, for driving under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975. On October 24, 1983, appellant was found guilty in the Municipal Court of Troy, Alabama, and filed notice of appeal to the Circuit Court.
A trial by jury was held in the Pike County Circuit Court on March 26, 1984, and appellant was found guilty as charged. It was determined that appellant had two prior D.U.I. convictions, this being her third, within a five year period and accordingly she was sentenced to serve six months in the county jail.
Officer Vance Ventress of the Troy Police Department testified on behalf of the State. On October 12, 1983, Ventress observed appellant driving on U.S. 231 near the Double Branch Lounge, in the City of Troy. Ventress followed appellant for approximately a mile to a mile and one-half, and observed her weaving across the center line of the highway; driving down both lanes at the same time; and running off the left shoulder of the road. Ventress stopped appellant and asked her for her driver's license. Appellant did not produce a license. Officer Ventress detected the odor of alcoholic beverages and conducted a field sobriety test, which she "did poorly." Appellant was then transported to the Troy Police Department where Officer Ventress conducted a Photo-Electric Intoximeter (P.E.I.) test on appellant. This test indicated that appellant had a .10 percent blood alcohol level at the time of testing.
Appellant testified on her own behalf. She testified that she had two prior D.U.I.s, the first on November 8, 1979, the second on September 23, 1981. On the night of her arrest she had purchased two beers, which were in the car at the time she was stopped by Officer Ventress. She was also taking valium for stomach problems. Appellant had opened one can and drank "a little bit of it" prior to being stopped. Appellant denied consuming any other type of alcoholic beverage that night. Appellant stated that she was returning from Ozark, Alabama, and had become tired. She admitted to changing lanes because she wanted to "change the scene." Appellant had failed to signal this lane change and contended that was the reason she was stopped by Officer Ventress. When given the field sobriety test appellant was wearing "cowboy type boots", and was performing the test on the grass shoulder of the road, not on anything solid.
On this appeal seven contentions of error have been raised. We will address each issue, although not in the same manner as raised by appellant in brief.
 I
Appellant first contends that the results of the P.E.I. test were improperly admitted into evidence. Appellant argues: (1) that the log sheet indicating the P.E.I. machine had been calibrated was erroneously entered into evidence; (2) that the test was inadmissible without evidence that the person who checked and approved the device was himself certified to do so; (3) that the P.E.I. log sheet was admitted without the proper predicate for introduction as a business record; and (4) that the proper predicate was not established to prove that the P.E.I. test had been adopted by the Troy Police Department. Appellant cites much authority from jurisdictions other than Alabama to support her contentions. Most of *Page 271 
this authority, although favorable to appellant, is not controlling in this jurisdiction.
The predicate necessary for admission of P.E.I. test results has been set forth by this court in Merick v. City ofMontgomery, 54 Ala. App. 5, 304 So.2d 247 (1974), and is consistent with the dictates of § 32-5A-194, Code of Alabama 1975. See also Patton v. City of Decatur, 337 So.2d 321 (Ala. 1976); Estes v. State, 358 So.2d 1050 (Ala.Crim.App. 1977). In order for the P.E.I. test results to be admitted into evidence the proper predicate must be established. Patton. This predicate requires that the prosecution show (1) which test has been designated for use by the law enforcement agency administering the test, and (2) the test and operator have been approved by the State Board of Health. Merick; Estes; §32-5A-194.
Officer Ventress testified that the City of Troy had designated the P.E.I. test as the authorized method of determining the blood alcohol level of a person suspected of driving under the influence of alcohol in the City of Troy. According to Estes this element of the predicate may be supplied by "any officer who would be in a position to know which test was authorized." Estes at 1053; Reeves v. City ofMontgomery, 466 So.2d 1041 (Ala.Crim.App. 1985). The testimony of Officer Ventress properly satisfied this element of the predicate.
The second element of the predicate was also sufficiently proven by the City. The City introduced evidence of a certified copy of the rules and regulations of the operation of the P.E.I. machines as promulgated by the State Board of Health. The purpose of these rules and regulations is to provide for the court a written standard "governing the manner in which P.E.I. tests are to be performed by state law enforcement agencies." Patton at 325. "When such copy is admitted in evidence, then the proponent could ask the witness predicatory questions." Id. See also Parker v. State, 397 So.2d 199
(Ala.Crim.App. 1981). In the case sub judice a certified copy of the rules and regulations promulgated by the State Board of Health was properly admitted into evidence and Officer Ventress testified that he adhered to these rules and regulations when administering the P.E.I. test to appellant. See Parker. Officer Ventress's valid certification permit, issued by the State Board of Health, was admitted into evidence and constitutes proper proof that he was approved by the State Board of Health to operate the P.E.I. machine at the time he administered the test to appellant. Based on the evidence presented by the City, the predicate for admission of the P.E.I. test results was sufficiently proven and the results thereof were properly admitted into evidence.
Appellant's remaining objections, which pertain to the admission of the P.E.I. logbook are without merit and the cases cited from foreign jurisdictions are not controlling. The introduction of the P.E.I. logbook was for the purpose of indicating that the machine had been inspected and performed properly. Appellant's objections have been heretofore resolved in opposition of appellant's position by Parker v. State,397 So.2d 199, 202 (Ala.Crim.App. 1981) and Bush v. City of Troy, [Ms. 4 Div. 324, October 23, 1984] (Ala.Crim.App. 1984), cert. filed, November 16, 1984. In Parker this court held:
 "The record book was properly admitted into evidence as a business record which is an exception to the hearsay rule, and `[a]ll other circumstances of the making of such record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility.' Section 12-21-43, Code of Alabama 1975; Bagony v. City of Birmingham, Ala.Cr.App., 365 So.2d 336 (1978); Gamble, McElroy's Alabama Evidence, 254.01 (1)-.01 (3), .01 (14) (3d ed. 1977). See generally, Thompson v. State, Ala.Cr.App., 384 So.2d 1131 (1979), cert. denied, Ala., 384 So.2d 1135
(1980). Consequently, appellant's contention is without merit." *Page 272 
In Bush, at 5, we stated that "there exists no requirement that the State prove that the person who checked and approved the machine was certified to do so by the State Board of Health."
Having directly addressed all of appellant's contentions of error surrounding the introducted of the P.E.I. test and logbook, we find no error committed by the trial court in this regard.
 II
Appellant contends that she was denied due process of law because Officer Ventress failed to advise her of her statutory right to request a qualified person of her own choosing to administer a chemical test for intoxication. Although it is true that other jurisdictions, as cited by appellant, may require that an accused be advised of such right, such is not the state of the law in Alabama. As stated in Parker at 203:
 "Section 32-5-193 (d) places no duty upon any law enforcement agency administering such tests to inform or notify the accused that he may have an independent blood alcohol test performed. The option set out in § 32-5-193 (d) is addressed to the discretion of the person tested and in no way affects the admissibility of the test given at the behest of the State. The very language of that section refutes the appellant's argument on this issue. Consequently, no error was committed in this regard."
Our present statute, § 32-5A-194 (a)(3), Code of Alabama 1975, is substantially the same as prior § 32-5-193 (d), repealed by Acts 1980, No. 80-434, p. 604, § 15-106, effective May 19, 1980. As stated in the Commentary to § 32-5A-194, "The major change has simply been a reorganization of the provisions for clarification purposes . . .". There are only minor word changes in the present statute which differentiates it from prior § 32-5-193 (d). There is no indication that the legislature intended to change the judicial interpretation of this provision and therefore, our decision in Parker is controlling on this issue. See also, Bush, at 3, where this court held in accordance with Parker. "It is a familiar rule that where a statute has been construed, and is reenacted without material change, such construction must be accepted as a part of the statute." Hamm v. Harrigan, 278 Ala. 372, 282,178 So.2d 529, 540, opinion supplemented, 278 Ala. 521,179 So.2d 154 (1965), cert. denied, 382 U.S. 981, 86 S.Ct. 555,15 L.Ed.2d 471 (1966).
 III
Appellant's requested jury charge No. 1 was denied by the trial court. This requested charge reads as follows:
 "Driving under the influence of drugs will not sustain a conviction of driving under the influence of alcohol."
"Requested instructions which are mere statements of legal principles, without instructions as to the effect upon or application to the issues involved are abstract and may properly be refused. This is due even where a correct principle of law is set out." Wyrick v. State, 409 So.2d 969, 973
(Ala.Crim.App. 1981), and cases cited therein. This requested charge was properly refused by the trial court in this case.
 IV
Appellant asserts in brief that she was not arraigned by the trial court, nor did she waive arraignment, and therefore the adjudication of guilt by the trial court is without legal force and effect. Appellant contends that this fact is further supported by the judgment entry contained in the record. Contrary to appellant's contention in brief, the judgment entry states, ". . . the defendant in open court on this day beingarraigned on the charge in this case charging her with the offense of driving under the influence, and plead `notguilty'." (Emphasis added.) It is well settled that recitals in the judgment import absolute verity, unless contradicted by other portions of the record. Twyman v. State, 293 Ala. 75,300 So.2d 124 (1974), and cases cited therein. In the case subjudice there is nothing in the record to contradict this recital.) *Page 273 
Additionally, we direct appellant to the recent case of Bushv. City of Troy, [Ms. 4 Div. 324, October 23, 1984] (Ala.Crim.App. 1984), cert. filed, November 16, 1984, where we were presented with a similar question. In Bush the accused had been arraigned in municipal court on a D.U.I. charge, but the judgment entry failed to show arraignment in circuit court. Ms. at 5. We there held that "failure by the appellant to raise the question in circuit court constituted a waiver on the part of the appellant." Ms. at 7 (citing Watts v. State, 435 So.2d 135
(Ala. 1983) and Marsden v. State, Alabama Supreme Court number 83-292, July 6, 1984, as authority for this proposition.
In the case at bar the judgment entry supports the finding that appellant was duly and properly arraigned, and even if she were not, appellant's failure to raise the question in circuit court constituted a waiver of arraignment, therefore the judgment of the trial court was validly entered.
Based on the foregoing, this case is due to be, and is he reby, affirmed.
AFFIRMED.
All Judges concur.