Petitioner, William Don Bush, Jr., was convicted in the Circuit Court of Pike County of driving under the influence; from that conviction he sought review in the Court of Criminal Appeals. The Court of Criminal Appeals affirmed.
The facts are fully set forth in the opinion of Court of Criminal Appeals, 474 So.2d 164 (Ala.Crim.App. 1984). Stated briefly, Officer Sam Botts of the Troy Police Department, while on patrol on January 26, 1984, observed Bush's vehicle skid through a stop sign. Stopping the car, the officer observed that Bush was unsteady on his feet, had slurred speech, and had the odor of alcoholic beverages about him. Officer Botts testified that in his opinion Bush was under the influence of alcohol. Botts arrested Bush and took him to the police station for a photoelectric intoximeter (PEI) test.
Officer Vance Ventress of the Troy Police Department administered the PEI test. Officer Ventress testified he was certified by the State Board of Health to operate the PEI machine and that in conducting the test he had followed the procedures set by the State Board of Health. He also stated that the Troy Police Department had designated the PEI test as its means of testing. Ventress further testified that the machine was functioning properly and that the machine had been checked or calibrated the day before the test was given. Officer Ventress presented a copy of the log sheet showing that the machine had been checked by Sergeant Merritt of the Department of Public Safety on January 25, 1984. Ventress also testified that the result of the PEI test showed Bush's blood alcohol content to be .14 grams percent. Bush was convicted of driving under the influence and was sentenced to six months in the municipal jail.
Bush argues two things as error: (1) that the results of the PEI test were improperly admitted into evidence, since the person who calibrated the machine the day before the test was given was not shown to be certified by the State Board of Health; and (2) that the PEI log sheet was improperly admitted into evidence because it was not properly qualified as a business record. *Page 170 
 I
Section 32-5A-194, Code of Alabama 1975, allows the admissibility of evidence of the amount of alcohol or controlled substance in a person's blood, urine, breath, or other bodily substance. A proper predicate must be laid for the admissibility of such evidence, however. Myrick v. Montgomery,54 Ala. App. 5, 304 So.2d 247, cert. denied, 293 Ala. 768,304 So.2d 248 (1974). This predicate may be established by showing, first, that the law enforcement agency has adopted the particular form of testing that was in fact used. Alabama Code 1975, § 32-5A-192 (a). See Estes v. State, 358 So.2d 1050
(Ala.Crim.App.), cert. denied, 358 So.2d 1057 (Ala. 1978). Second, there must be a showing that the test was performed according to methods approved by the State Board of Health. Alabama Code 1975, § 32-5A-194 (a)(1). See Commander v. State,374 So.2d 910 (Ala.Crim.App. 1978). This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer's testimony that he did, in fact, follow those rules when he administered the test in question. Parker v. State, 397 So.2d 199 (Ala.Crim.App. 1981), Patton v. City of Decatur, 337 So.2d 321 (Ala. 1976). Third, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for that purpose. Alabama Code 1975, § 32-5A-194 (a)(1).
All three requirements for the admission of the test results were satisfied at trial. Bush, however, urges that another element must be shown to establish the predicate for admissibility of the PEI test results: that the person who calibrates the PEI instrument be shown to have been certified by the State Board of Health and that such calibration was conducted or performed according to methods adopted by the State Board of Health. Bush argues that the failure to show the qualifications of Sergeant Merritt, who calibrated the machine, was reversible error. The Court of Criminal Appeals held that there is no requirement that the State prove that the person who checked and calibrated the machine was certified to do so by the Board of Health. We agree.
Nowhere in Alabama Code 1975, § 32-5A-194 or § 32-5-192 (a), do we find the requirement that the person who merely calibrates the machine must be certified by the State Board of Health. Bush contends this requirement should be inferred, arguing that it is illogical to require certification of the person administering the test, but not the person who calibrates the machine. We are not persuaded by this argument.
The methods and procedures set by the State Board of Health require the certified operator who administers the PEI test to follow a checklist every time the test is given. This checklist includes the procedure for calibration of the photoelectric intoximeter. Rules of State Board of Health Administration, Rule 420-1-1-.01 (4) (Appendix A). Thus, the machine's final calibration is performed by the administrator of the test, who must be shown to be certified. To require that the person who had previously calibrated the machine be shown to be certified is therefore superfluous, since the accuracy of the test results is dependent upon the final calibration by the administrator of the test, and not the previous calibrator. Likewise, since the administrator of the test must be shown to have followed the methods required by the State Board of Health in the final calibration of the machine, it is equally superfluous to require a showing that the previous calibration was performed according to those methods. We therefore reject this additional requirement for the laying of a predicate for the admission of PEI test results into evidence.
 II
Bush also contends there was error in the admission into evidence of a copy of the PEI log sheet without a proper foundation being laid qualifying it as a business record. Under the "Alabama Business Records Act," any record of an act made in the regular course of business may be admitted *Page 171 
into evidence as proof of that act. Alabama Code 1975, §12-21-43. Record books of PEI tests are generally admissible into evidence under the business records exception to the hearsay rule to show the machine had been properly calibrated and certified and was operating properly at the time the test was given. Parker v. State, 397 So.2d 199 (Ala.Crim.App.), writ denied, 397 So.2d 203 (Ala. 1981). See also Bagony v. City ofBirmingham, 365 So.2d 336 (Ala.Crim.App. 1978). However, Alabama Code 1975, § 12-21-43, requires that a proper predicate be laid before such records are admitted. Salotti v. SeaboardCoast Line R.R., 293 Ala. 1, 299 So.2d 695 (1974). Here, Officer Ventress did not testify that the log was certified or had been made regularly in the course of business. Thus, the State did not lay the proper predicate for admissibility of the log sheet as a business record.
In its opinion, the Court of Criminal Appeals held that testimony that the PEI log sheet was notarized and stayed with the PEI machine at all times gave rise to an inference that this record was made and kept in the regular course of business. We do not agree. We hold it was error to admit the log sheet into evidence.
However, testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred. Childress v. City of Huntsville, 459 So.2d 1008
(Ala.Crim.App. 1984); Yelton v. State, 294 Ala. 340,317 So.2d 331 (1974). Error may be rendered harmless by prior evidence.Rust Engineering Co. v. State, 286 Ala. 589, 243 So.2d 695
(1971). Officers Botts and Ventress testified substantially to the same facts as were found on the log sheet. Therefore, the admission of the log sheet into evidence was harmless error.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY, and ADAMS, JJ., concur.