TYSON, Judge.
Louie Occo Caver was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of murder as charged in the indictment”. The appellant was sentenced to 25 years’ imprisonment in the state penitentiary.
The appellant does not challenge the sufficiency of the evidence. Thus, the facts of this case will be briefly stated.
On May 16, 1987, Lakeryea White, a four-year-old, was killed as the result of a two vehicle collision. On the day in question, the appellant’s vehicle ran into the back of an automobile in which White was a passenger. This accident occurred in Tal-ladega County, Alabama. The appellant’s blood alcohol level at the time of the accident was .30.
I
The appellant asserts that the blood alcohol test which was given to him after the accident was the result of an unlawful arrest and, therefore, should be excluded.
When the results of the appellant’s blood alcohol test were being introduced into evidence, defense counsel objected on the following grounds:
“... that at the time the state trooper directed Mr. Caver to take the analysis he was not given any warning against self incrimination regarding the taking of the blood. He was not advised it could be used against him possibly in a criminal action against him, that he was directed to take it with no explanation of his rights, that was not given and was not ever explained. Further there was no appropriate court order obtained directing him by proper court authority directing him to give blood.” (R. 205)[1]
A trial judge must be put on notice of the specific objections a defendant is making “to allow an informed decision to be made on the particular legal issue involved.” Wyrick v. State, 409 So.2d 969, 974 (Ala.Crim.App.1981), cert, denied, 409 So.2d 969 (Ala.1982). Specific objections waive all other grounds for objections. Lawrence v. State, 409 So.2d 987 (Ala. Crim.App.1982).
Therefore, the issues raised now by this appellant on appeal were not properly preserved at trial for our review.
Furthermore, § 32-5-171, Code of Alabama, 1975 provides:
“A uniformed police officer, state trooper, county sheriff or his deputy or member of a municipal police force may arrest, at the scene of a traffic accident, any driver of a vehicle involved in the accident if upon personal investigation, including information from eyewitnesses, the officer has reasonable grounds to believe that the person violating section 32-5A-191 [driving while under the influence statute] contributed to the accident.
*736 He may arrest such a person without a warrant although he did not personally see the violation.” (emphasis added)
Officer Billy Haney of the City of Tal-ladega Police Department testified that he was the first law enforcement official to arrive at the scene of the accident.
After he was informed that the appellant was the driver of one of the automobiles involved in the accident, Haney talked to this appellant. Haney noticed a strong odor of alcohol on the appellant’s breath and the appellant staggered as he walked. (R. 7, 24). Officer Haney also testified that, in his opinion, the appellant was highly intoxicated. (R. 8, 24). Grimes v. State, 488 So.2d 8 (Ala.Crim.App.1986); Grimes v. State, 491 So.2d 1053 (Ala.Crim.App. 1986).
Based on Haney’s observations of the appellant and his conversations with an eyewitness at the scene and this appellant, Haney arrested the appellant for driving under the influence of alcohol and then advised him of his Miranda rights. See Hill v. State, 366 So.2d 296 (Ala.Crim.App. 1978), aff’d, 366 So.2d 318 (Ala.1979); Pace v. City of Montgomery, 455 So.2d 180 (Ala. Crim.App.1984); Hanners v. State, 461 So. 2d 43 (Ala.Crim.App.1984).
Officer Haney clearly had the necessary probable cause to arrest this appellant and direct that a blood test be administered.
Officer Haney turned this appellant over to Robert Watson, an Alabama State Trooper. Watson transported this appellant to Citizens Hospital where the blood alcohol test was administered. At the hospital Watson turned custody of this appellant over to Mark Williamson. Williamson was the state trooper who was in charge of investigating the accident in which this appellant was involved.
Williamson testified that, after his personal investigation of the accident, he also placed this appellant under arrest for driving under the influence of alcohol. Based on his investigation, Williamson also clearly had probable cause to arrest this appellant.
Thus, the blood alcohol test was the result of a lawful arrest. Authorities cited.
II
‘ The appellant contends that State Trooper Williamson, who directed the blood alcohol test, did not have reasonable grounds to believe this appellant had been driving under the influence of alcohol.
Section 32-5-192, Code of Alabama 1975 directs that the test to determine the alcohol content of one’s blood be “administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor.”
Trooper Williamson directed the administering of the blood alcohol test to this appellant. Williamson directed this test after his investigation of the automobile accident in which this appellant was involved. He had discussed this accident with both Officer Haney and Officer Watson and knew their opinions.
Clearly, this shows that Williamson had reasonable grounds to believe that this appellant had been driving under the influence of alcohol when Trooper Williamson administered the blood alcohol test. Thus, there is no merit to this argument on appeal. Ex Parte Bush, 474 So.2d 168 (Ala. 1985); Patton v. City of Decatur, 337 So. 2d 173 (Ala.1975); Boyd v. City of Montgomery, 472 So.2d 694 (Ala.Crim.App. 1985); Myrick v. City of Montgomery, 54 Ala.App. 5, 304 So.2d 247, cert, denied, 293 Ala. 768, 304 So.2d 248 (1974).
For the reasons herein stated, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.

. Miranda warning not required before giving blood alcohol test. Boyd v. City of Montgomery, 472 So.2d 694, 698 (AIa.Cr.App. 1985).