TAYLOR, Judge.
The State of Alabama appeals from the dismissal of the charges against the appel-lee, Willie Adams. Adams was arrested on April 21, 1990, for driving under the influence of alcohol, a violation of § 32-5A-191(a)(2), Code of Alabama 1975. On November 5, 1990, a jury was selected and Adams’s counsel filed a motion to dismiss the case because the arrest was unlawful. After hearing State Trooper Powell’s testimony, the trial judge dismissed the case.
The evidence at the hearing established that, on the evening of April 21, 1990, Trooper Powell was on patrol when he received a call to report to the scene of an accident on Alabama Highway 27. He arrived at the scene at around 9:00 p.m. and found Adams outside the vehicle. The vehicle was off the road in a ditch off and the front of the vehicle was facing the road. From his investigation of the scene, Powell testified that the vehicle had come down the hill, had gone off the right shoulder of the road, had started into a slide and had slid across the highway and had come to a rest backwards on the left side of the road. He stated that there were “yaw” marks on the road that measured approximately 100 or 150 feet in length. He further testified that there is a hairpin curve at this location. Powell stated that when he arrived he questioned Adams to see if he was injured. At this time Powell could smell alcohol on Adams’s breath. He then administered several tests including the alco-sensor test. Powell questioned Adams and determined that he had been at a company party prior to the incident, and that he had fallen asleep and had run off the road. Powell asked him if he had been drinking and he replied that he had. Powell arrested Adams for driving under the influence of alcohol. Adams was transported to the police station where he was given the In-toxilizer 5000 test.
The trial court granted Adams’s motion to dismiss and issued an order stating that the incident was not an accident and therefore did not fall under the mandate of § 32-5-171, Code of Alabama 1975. We hold that the trial court erred in granting Adams’s motion to dismiss. Powell’s testimony is sufficient to show that he arrived upon the scene of a recent accident, even though only one vehicle was involved and even though the damage might have been slight. Thus the application of § 32-5-171, Code of Alabama 1975 was warranted.
Section 32-5-171 states:
“A uniformed police officer, state trooper, county sheriff or his deputy or member of a municipal police force may arrest, at the scene of a traffic accident, any driver of a vehicle involved in the accident if upon personal investigation, including information from eyewitnesses, the officer has reasonable grounds to believe that the person by violating section 32-5A-191 contributed to the accident. He may arrest such a person without a warrant although he did not personally see the violation.”
This case is very similar to the case of Caver v. State, 533 So.2d 734 (Ala.Cr.App.1988), in which officers arrived on the scene after an accident occurred. After observing the appellant in that case, they arrested him for driving under the influ *641 ence. In the present case, Trooper Powell clearly had sufficient probable cause to arrest the appellant for driving under the influence. See Caver; Smoot v. State, 520 So.2d 182 (Ala.Cr.App.1987). The trial court erred in dismissing the case against Adams.
For the reasons stated above this case is reversed and remanded to the Circuit Court for Dale County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.