McMILLAN, Judge.
The appellant, Wardell Robinson, pleaded guilty to third-degree burglary. The appellant was sentenced to either a five- or six-year term of imprisonment and was ordered to pay $100 in a victims compensation assessment and $710 in restitution, to submit to DNA testing, and to have no further contact with the victim. Although the transcript of the sentencing hearing indicates that the trial judge sentenced the appellant to six years’ imprisonment, the judge’s written order indicates that he sentenced the appellant to five years. This Court stated in Duncan v. State, 587 So.2d 1260, 1264 (Ala.Cr.App.1991):
“ Tt is well settled that recitals in the judgment [entry] import absolute verity, unless contradicted by other portions of the record.’ Harper v. City of Troy, 467 So.2d 269, 272 (Ala.Cr.App.1985); Traylor v. State, 466 So.2d 185, 188 (Ala.Cr.App.1985). In this case, the judgment entries are contradicted by the court reporter’s transcript. Where such a conflict exists, the Court must ‘remand *1129 the[e] cause to the trial court with directions to resolve the conflict. ... ’ Ebens v. State, 518 So.2d 1264, 1269 (Ala.Cr.App.1986).”
Because of the conflict between the judgment entry and the court reporter’s transcript, we must remand this case to the trial court to determine the appellant’s actual sentence.
The appellant’s counsel, in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), has filed an appellate brief in which he states that, after a thorough and conscientious review of the record of the proceedings, he believes that an appeal would be frivolous and without merit. A review of the record discloses no issue that warrants this Court’s consideration. (1969), ensuring that the appellant’s guilty plea was made knowingly and voluntarily. However, the record, including the transcript of the guilty plea hearing and the Ireland form, indicates that the appellant’s guilty plea was made knowingly and voluntarily. Therefore, his conviction is due to be affirmed. The case is remanded to the trial court to determine the appellant’s actual sentence. Due return shall be made to this Court within 49 days of the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCE. 
LONG, P.J., and'COBB, BASCHAB, and FRY, JJ., concur.
The appellant’s counsel found that there may be arguable issues that the appellant may want to bring before this Court, namely, whether the circuit court complied with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274